ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE __Northern__ DISTRICT OF TEXAS**
**__Dallas__ DIVISION**

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 NOV 21   PM 2: 45

DEPUTY CLERK _____

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

__Curley J. Boykin Jr. #01774868,__

Plaintiff's name and ID Number

__Jesses Dawson State Jail.__

Place of Confinement

3:13CV-4643D

CASE NO: _____

(Clerk will assign the number)

v.  __Carrie Hucklebridge, Manager III__
__Allen Hightower Drive, P.O. Box 99, Huntsville Texas 77342.__

Defendant's name and address
__Lannette Linthicum, Dir.__

Defendant's name and address  __2 Financial Plz, Ste 625, Huntsville, Texas 77340,__

__Michell Phellip, Senior Warden   Dawson State Jail P.O. Box__
__650051  Dallas, Texas 75265,__

Defendant's name and address
(DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

ROLANDA WINFIELD, ASSISTANT WARDEN DAWSON STATE JAIL P.O. BOX 650051 DALLAS, TEXAS 75265.

GRADY WALLACE, DEPUTY DIRECTOR PRIVATE FACILITY CONTRACT MONITORING, 2 FINANCIAL PLZ STE 300 HUNTSVILLE TEXAS 77340.

PLAINTIFF ASSERTS EACH DEFENDANT IS SUED IN BOTH OF THEIR INDIVIDUAL AND OFFICIAL CAPACITY.

PLAINTIFF ASSERTS EACH DEFENDANT AT ALL TIME MENTION IN THIS COMPLAINT ACT OR OMISSION WERE, CALLOUS, DELIBERATELY INDIFFERENT WHILE ACTING UNDER A COLOR OF STATE LAW.

THE COURT UNANIMOUSLY HELD IN HAINES A PRO SE COMPLAINT HOWEVER INARTFULLY PLEADED MUST BE HELD TO LESS STRINGENT STANDARD THAN FORMAL PLEADING DRAFTER BY LAWYERS AND CAN ONLY BE DISMISSED FOR FAILURE TO STATE A CLAIM, IF IT APPEARS BEYOND DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM.

## STATEMENT OF THE CASE:

IN MAY 2012, PLAINTIFF WERE TRANSFERRED TO DAWSON STATE JAIL AT INTAKE CLASSIFICATION COMMITTEE PLAINTIFF GAVE WARDEN WINFIELD NOTICE HE SUFFER WITH SLEEP APNEA AND HE NEEDED A CPAP MACHINE FOR HIS ILLNESS.

ATC 1983 [ REV. 04/06 ]    PAGE 1 OF 5-1

PLAINTIFF HOWEVER REQUESTED NOT TO BE HOUSE IN A
DORMITORY POPULATION BECAUSE HE HAD BEEN ASSAULTED
BY DORMATES FOR LOUD SNORING. WARDEN WINFIELD
ALLOWED PLAINTIFF TO PLACE IN SEGREGATION PENDING
MEDICAL RECOMMENDATION FOR A CPAP MACHINE AND UNIT
TRANSFER. MAY 22, 2012, A HEALTH CARE PROVIDER SCHEDUAL
AN APPOINTMENT SO PLAINTIFF WOULD BE EXAMINE BY DR.
REID. IN JUN 2012, DR. REID DIAGNOSED PLAINTIFF WITH
OBSTRUCTIVE SLEEP APNEA AND RECOMMENDED POLYSOMNOGRA-
PH SLEEP STUDY. SEE APPENDIX A CORRECTIONAL MANAGED CARE
CLINIC NOTES: DR. REID RECOMMENDED PLAINTIFF BE
HELD IN MEDICAL ISOLATION PENDING POLYSOMNOGRAPH STUDY.
IN JUL 2012, WARDEN PHILLIP MOVE TO HAVE THE MEDICAL
ISOLATION REMOVE BECAUSE PLAINTIFF KEPT FILING GRIE-
VANCES FOR A DENIAL OF RECREATION AND LIVING CONDIT-
IONS. SEE APPENDIX B GRIEVANCE NO. 2013080486. WARDEN
PHILLIP NOTIFIED ROBERT KANE JR, HEALTH SERVICE AND
HELD A PRIVATE HEARING FOR REMOVAL OF MEDICAL ISOL-
ATION. PLAINTIFF RECEIVE NO ADVANCE NOTICE OF THE
HEARING AND NOT ALLOWED TO ATTEND THE HEARING. THE
ONLY EVIDENCE TO SHOW WHAT OCCURRED AT THE HEARING
IS THE ADMINISTRATIVE GRIEVANCE NUMBER 2013080486
FILE BY PLAINTIFF. WHEREFORE, WARDEN PHILLIP ASSERTED
PLAINTIFF MEDICAL CONDITION DID NOT MEET CRITERA
FOR MEDICAL ISOLATION. PLAINTIFF ASSERTS WARDEN PHI-
LLIP'S SOLE PURPOSE FOR HAVING THE MEDICAL ISOLATION
REMOVE WAS RETALIATION SO HE WOULD MANUFACTURE

DISCIPLINARY CASES AGAINST PLAINTIFF TO JUSTIFY THE
DENIAL OF RECREATION. SEE DISCIPLINARY CASES IN APP-
ENDIX: DUE TO THE FACT DAWSON PRISON MEDICAL OFFIC-
IALS DENIED MEDICAL SERVICES EIGHT MONTHS. WARDEN
PHILLIP WERE ALLOWED TO MANUFACTURE DISCIPLINARY
AGAINS PLAINTIFF AND DENIED HIM OF RECREATION 310
DAYS, IN SEGREGATION. IN JUN DOCTOR REID ORDER THE
FIRST POLYSOMNOGRAPH SLEEP STUDY THE APPOINTMENT
WASN'T SCHEDULED UNTIL SEPTEMBER 04, 2012. THE SEC-
OND APPOINTMENT WASN'T SCHEDULED UNTIL FEBRUARY 11,
2013; THE THIRD APPOINTMENT WASN'T SCHEDULED UNTIL
MARCH 14, 2013. THE FOURTH APPOINTMENT WASN'T SCHED-
ULED UNTIL JUL 19, 2013; THEN PLAINTIFF WERE ADVISED
IN SEPTEMBER 2013 THE CPAP MACHINE DENIED. THE FIF-
TH APPOINTMENT POLYSOMNOGRAPH SLEEP STUDY WASN'T UNTIL
OCTOBER 15, 2013, PLAINTIFF RECEIVE CPAP MACHINE.

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

## I.  PREVIOUS LAWSUITS:

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?  _____  YES  ___/___  NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: _____

2. Parties to previous lawsuit:
   Plaintiff(s): _____

   Defendant(s): _____

3. Court (If federal, name the district; if state, name the county) _____

4. Docket Number: _____

5. Name of judge to whom case was assigned: _____

6. Disposition: (Was the case dismissed, appealed, still pending?)

   _____

7. Approximate date of disposition: _____

**II. PLACE OF PRESENT CONFINEMENT:** DALHART UNIT 11950 FM 998, DALHART TEXAS 79022

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? ✓ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: CURLEY JAMES BOYKIN 01774868, DALHART UNIT 11950 FM 998, DALHART, TEXAS 79022

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: CARRIE HUCKLEBRIGE, CORRECTIONAL MANAGER THREE, HEALTH SERVICE, ALLEN HIGHTOWER DIR. P.O. Box 99, HUNTSVILL, TX 77342

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

A DEPRIVATION OF PLAINTIFF PROPERTY WITHOUT DUE PROCESS.

Defendant #2: LANNETTE LINTHICUM, DIRECTOR HEALTH SERVICES 2 FINANCIAL PLZ, Ste 625 HUNTSVILLE, TEXAS 77340.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

A DENIAL OF MEDICAL CARE 365 DAYS FOR A SERIOUS ILLNESS.

Defendant #3: MICHELL PHILLIP, WARDEN AT DAWSON STATE JAIL P.O. Box 650051 DALLAS, TEXAS 75265,

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

A DEPRIVATION OF OUT CELL EXERCISE 310 DAYS IN SEGREGATION.

Defendant #4: ROLANDA WINFIELD, ASSIT. WARDEN AT DAWSON STATE JAIL P.O. Box 650051 DALLAS, TEXAS 75265,

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

A DEPRIVATION OF OUT CELL EXERCISE 310 DAYS IN SEGREGATION.

Defendant #5: GRADY WALLACE, DEPUTY DIRECTOR PRIVATE PRISON 2 FINANCIAL PLZ Ste 300 HUNTSVILLE, TEXAS 77340.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

A DEPRIVATION OF OUT CELL EXERCISE 310 DAYS IN SEGREGATION.

ACTS, OMISSION OF DEFENDANTS:

(1). DEFENDANT CARRIE HUCKLEBRIDGE, MANGER THREE HEALTH CARE SERVICES TDCJ IS LEGALLY RESPONSIBLE FOR THE OVER-ALL OPERATION OF MEDICAL CO-PAYMENT. IN MAY 2012 THE PLAINTIFF WERE CHARGE A MEDICAL COPAYMENT FOR SERVI-CES THAT RESULTED AS CHRONIC. DEFENDANT HUCKLEBRIDGE REFUSED TO REIMBURSE THE ONE HUNDRED DOLLARS BACK TO PLAINTIFF PRISON ACCOUNT. THE CORRECTIONAL HEALTH CARE MANUAL DOES NOT STATE INMATES WILL BE CHARGE FOR CHRONIC MEDICAL SERVICES. IN FEBRUARY 2013, THE PLAINTIFF REQUEST FOR REIMBURSEMENT BUT WAS DENIED. PLAINTIFF FILED A STEP TWO ADMINISTRATIVE GRIEVANCE WITH DEFENDANT HUCKLEBRIDGE OFFICE REQUESTING FOR REIMBURSEMENT BUT WAS DENIED. DEFENDANT HUCKLEBRIDGE STATED IN THE RESPONSE, A REVIEW OF THE MEDICAL REC-ORD INDICATED YOU WERE SEEN BY THE HEALTH CARE PROV-IDER MAY 2012, FOR SNORING, SHORTNESS OF BREATH. THERE WERE NO DOCUMENTATION OF ANY DIAGNOSIS FOR SLEEP APNEA. THE CHARGE MAY 2012, IS VALID AND MONEY WILL NOT BE REFUNDED BACK TO YOUR ACCOUNT. SEE APPENDIX-C GRIEVA-NCES NO. 2013097075. DEFENDANT CARRIE HUCKLEBRIDGE SHOWED, CALLOUS, DELIBERATE INDIFFERENT THEREBY DEPRIVING PLAINTIFF OF HIS PROPERTY WITHOUT DUE PRO-CESS OF LAW BECAUSE OF AN ESTABLISHED POLICY, PROCED-URE, OR CUSTOM THE STATE HAS POWER TO CONTROL.

(2). DEFENDANT LANNETTE LINTHICUM, DIRECTOR HEALTH SERVICES DIVISION TDCJ IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF HEALTH SERVICES IN THE INSTITUTIONAL DIVISION. IN JUN 2012, DR. REID DIAGNOSED PLAINTIFF WITH OBSTRUCTIVE SLEEP APNEA AND ORDER POLYSOMNOGRAPH SLEEP STUDY. PRISON MEDICAL OFFICIALS DENIED MEDICAL SERVICES FOR 365 DAYS PLAINTIFF FILE AN ADMINISTRATIVE GRIEVANCE NO. 2013107740 BUT PRISON MEDICAL OFFICIALS RESPONDED BY STATING, ALL MEDICAL APPOINTMENT WERE WITHIN THE TIME LINE MANDATED BY POLICY. DEFENDANT LINTHICUM SHOWED DELIBERATE, CALLOUS INDIFFERENT THEREBY DEPRIVING PLAINTIFF A CPAP MACHINE 365 DAYS FOR A SERIOUS MEDICAL ILLNESS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT BECAUSE OF AN ESTABLISHED POLICY, PROCEDURE, OR CUSTOM THE PRISON MEDICAL OFFICIALS HAS POWER TO CONTROL.

(3) DEFENDANT MICHELL PHILLIP, SENIOR WARDEN AT DAWSON STATE JAIL IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION AT DAWSON AND FOR THE WELFARE OF ALL INMATES AT THIS JAIL. IN MAY 2012 UNTIL APRIL 2013 WARDEN PHILLIP CONFINED PLAINTIFF IN SEGREGATION 23 TO 24 HOURS A DAY FOR 310 DAYS WITH NO ACCESS TO OUT OF CELL EXERCISE, SUNLIGHT, OR FRESH AIR, A DEPRIVATION OF A BASIC HUMAN NEED. PLAINTIFF FILED AN ADMINISTRATIVE GRIEVANCE NO 2013040249 ALONG WITH REQUEST TO OFFICIALS STATING A DENIAL OF OUT CELL

EXERCISE. WARDEN PHILLIP, STATED IN HIS RESPONSE A REVIEW OF CLASSIFICATION RECORDS INDICATED THAT YOU WERE DENIED OUT OF CELL EXERCISE DUE TO DISCIPLINARY SANCTION. DEFENDANT MICHELL PHILLIP SHOWED DELIBERATE, CALLOUS INDIFFERENT THEREBY DEPRIVING PLAINTIFF OF OUT CELL EXERCISE, SUNLIGHT, AND FRESH AIR 310 DAYS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT BECAUSE OF AN ESTABLISHED POLICY, PROCEDURE OR CUSTOM THE WARDEN HAS POWER TO CONTROL.

(4) DEFENDANT ROLANDA WINFIELD, ASSISTANT WARDEN AT DAWSON STATE JAIL IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION AT DAWSON AND FOR THE WELFARE OF ALL INMATES AT THIS JAIL. IN MAY 2012 UNTIL APRIL 2013, WARDEN WINFIELD CONFINED PLAINTIFF IN SEGREGATION 23 TO 24 HOURS A DAY FOR 310 DAYS WITH NO ACCESS TO OUT CELL EXERCISE, SUNLIGHT, AND FRESH AIR. A DEPRIVATION OF A BASIC HUMAN NEED. PLAINTIFF FILED AN ADMINISTRATIVE GRIEVANCE NO. 201216480H ALONG WITH REQUEST FORMS TO OFFICIALS FOR THE DENIAL OF RECREATION. BUT WARDEN WINFIELD STATED IN THE RESPONSE AN INVESTIGATION INTO YOUR COMPLAINT DID NOT FIND EVIDENCE TO SUBSTANTIATE YOUR ALLEGATION OF YOUR LIVING CONDITIONS BEING VIOLATED. SERGEANT JENNING REPORTS THAT PROCEDURES ARE BEING FOLLOWED ACCORDING TO YOUR CURRENT RESTRICTION. DEFENDANT ROLANDA WINFIELD SHOWED

● DELIBERATE CALLOUS, INDIFFERENT THEREBY DEPRIVING PLAINTIFF OF OUT CELL RECREATION, SUNLIGHT, AND FRESH AIR 310 DAYS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT BECAUSE OF AN ESTABLISHED POLICY, PROCEDURE, OR CUSTOM THE WARDEN HAS POWER TO CONTROL.

(5) DEFENDANT GRADY WALLACE, DEPUTY DIRECTOR FOR THE PRIVATE PRISON IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS FOR PRIVATE PRISONS UNDER TDCJ JURISDICTION. IN MAY 2012 UNTIL APRIL 2013 THE DEPUTY DIRECTOR IS LEGALLY RESPONSIBLE FOR PLAINTIFF BEING CONFINED IN SEGREGATION SOME 23 TO 24 HOURS A DAY FOR 310 DAYS WITH NO ACCESS TO OUT CELL EXERCISE, SUNLIGHT, OR FRESH AIR. PLAINTIFF FILE AN ADMINISTRATIVE GRIEVANCES NO. 2012168D4, NO. 2013040249 WITH HIS OFFICE. BUT THE DEPUTY DIRECTOR STATED IN THE RESPONSE, AN INVESTIGATION WAS CONDUCTED INTO YOUR ALLEGATION FOR BEING DENIED RECREATION. THE DAWSON CONTRACT MONITOR WAS CONTACTED ON MARCH 6, 2013, SHE CONFIRMED YOU HAVE BEEN RECEIVING RECREATION DAILY. DEFENDANT GRADY WALLACE SHOWED DELIBERATE, CALLOUS, INDIFFERENT THEREBY DEPRIVING PLAINTIFF OF OUT CELL RECREATION BECAUSE OF AN ESTABLISHED POLICY, PROCEDURE, OR CUSTOM THE STATE HAS POWER TO CONTROL. SEE APPENDIX GRIEVANCES E-F

**V. STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal argument or cite any cases of statutes. If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

IN MAY 2012, DEFENDANT CARRIE HUCKLEBRIDGE SHOWED, CALLOUS, DELIBERATE INDIFFERENT WHILE ACTING UNDER COLOR OF STATE LAW THEREBY DEPRIVING HIM OF HIS PROPERTY WITHOUT PROVIDING HIM DUE PROCESS, SPECIFICALLY, CHARGING HIM FOR MEDICAL SERVICES THAT WERE NOT AUTHORIZED BY STATUTE, CHRONIC CARE. PLAINTIFF CONTEND THE ONE-HUNDRED DOLLARS CHARGE FOR A CHRONIC ILLNESS AND REFUSING TO REIMBUSED MONIES TAKEN FROM HIS ACCOUNT DEPRIVED HIM OF DUE PROCESS, PLAINTIFF FILE ADMINISTRATIVE GRIEVANCE NO. 2013097075 BUT DEFENDANT RESPONDED WITH A REVIEW OF THE MEDICAL RECORD INDICATED YOU WERE SEEN

**VI. RELIEF:** State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

PLAINTIFF SEEK A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANT LINTHICUM TO STOP DENYING MEDICAL

**VII. GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

CURLEY JAMES BOYKEN

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

UNKNOWN

**VIII. SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): _____

2. Case Number: _____

3. Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied? _____ YES _____ NO

## STATEMENT OF CLAIM:

### DUE PROCESS VIOLATION:

BY THE HEALTH CARE PROVIDER MAY 21, 2012 FOR COMPLAINTS OF SNORING AND SHORTNESS OF BREATH. THERE WAS NO DOCUMENTATION OF ANY DIAGNOSIS OF SLEEP APNEA AT THIS VIST. THE CHARGE FROM MAY 21, 2012, IS VALID AND MONEY WILL NOT BE REFUNDED. DEFENDANT HUCKLIBRIDGE SHOWED DELIBERATE, CALLOUS, INDIFFERENT THEREBY REFUSING TO REFUND THE MONEY IN PLAINTIFF PRISON ACCOUNT. THE DEFENDANT'S ACTION WERE PUNITIVE IN NATURE ALTHOUGH PLAINTIFF IS INCARCERATED HE WAS NOT STRIPPED OF ALL CONSTITUTION PROTECTION AND HAS RIGHT TO OWN AND ENJOY PROPERTY PROTECTED BY THE FIFTH AND FOURTEENTH AMENDMENT. THE CRAVAMENT OF THIS SECTION 1983 PLAINTIFF WAS ENTITLED TO DUE PROCESS BEFORE BEING SUBJECT TO SUCH CHARGED. PLAINTIFF ARGUES THAT THERE WERE NO STATUTORY AUTHORITY FOR CHRONIC MEDICAL SERVICES, AND THE CORRECTIONAL HEALTH CARE MANUAL DOES NOT STATE PLAINTIFF WOULD BE CHARGED FOR CHRONIC MEDICAL SERVICES. PLAINTIFF ARGUES HE HAS A PROPERTY INTEREST IN THE FUNDS IN HIS PRISON ACCOUNT TO THE EXTENT THAT THEY CONSTITUTE MONIES RECEIVE FROM FAMILY AND FRIENDS OUTSIDE THE PRISON, AND HE CLEARLY HAS A PROPERTY INTEREST IN THEM. GIVEN A VALID PROPERTY INTEREST IN FUNDS IN THE ACCOUNT PLAINTIFF CAN NOT BE DEPRIVED OF HIS PROPERTY WITHOUT

DUE PROCESS OF LAW BECAUSE OF AN ESTABLISHED POLICY, PROCEDURE, OR CUSTOM THE STATE HAS POWER TO CONTROL. PLAINTIFF MOREOVER ARGUES THE CORRESPONDENCE FROM PAM BRADY AND CARRIE HUCKLIBRIDGE ADMINISTRATIVE GRIEVANCES STEP ONE AND STEP TWO SUPPORT THE IMPRACTICABILITY OF PROVIDING PLAINTIFF PRE DEPRIVATION PROCESS. DEFENDANT HUCKLIBRIDGE SHOWED DELIBERATE, CALLOUS, INDIFFERENT ACTING UNDER A COLOR OF STATE LAW CAUSING PLAINTIFF PAIN, SUFFERING, AND PHYSICAL INJURY. WHEREFORE PLAINTIFF PLEAD A CLAIM FOR A DEPRIVATION OF HIS PROPERTY WITHOUT DUE PROCESS.

## DENIAL OF MEDICAL

IN JUN 2012, DOCTOR ROY REID DIAGNOSED PLAINTIFF WITH OBSTRUCTIVE SLEEP APNEA, A SERIOUS MEDICAL ILLNESS. DR. REID ORDER A POLYSOMNOGRAPH SLEEP STUDY WITH REGARDS OF APPROVING PLAINTIFF FOR CPAP MACHINE, BUT PRISON MEDICAL OFFICIALS FAILED TO PROVIDE MEDICAL SERVICES UNTIL 365 DAYS ELAPS. PLAINTIFF FILED AN ADMINISTRATIVE GRIEVANCE NO. 2013107740 BUT THE PRISON MEDICAL OFFICIALS STATED IN THE RESPONSE, YOU WERE REFERRED TO THE PULMONARY CLINIC JUN 07, 2012, FOR EVALUATION. THE APPOINTMENT WAS SCHEDULED FOR SEPTEMBER 04, 2012, AND YOU MISSED THE APPOINTMENT. YOU WERE REFERRED ON SEPTEMBER 20, 2012, AND EVALUATED ON FEBRUARY 11, 2013; YOU WERE REFERRED ON MARCH 14, 2013 AND SEEN.

You were referred another polysomnograph sleep study Jun 20, 2013 and seen Jul 19, 2013. You were denied CPAP machine. You were referred September 2013, and seen on October 17, 2013, and approved for CPAP machine. The correspondence from Medical officials supports the denial of medical care causing plaintiff pain, suffering, and physical injury. Because of an established policy procedure, or custom the state has power to control and constituted cruel and unusual punishment. Defendant Lannette Linthicum showed deliberate, callous, indifferent, while acting under a color of state law. Thereby depriving plaintiff of a CPAP machine 365 days that no one suggest would serve any penological purpose. This kind of denial of medical care is inconsistent with contemporary standard of decency. Defendant Lannette Linthicum has an obligation to care for plaintiff who can not by reason of the deprivation of his liberty care for himself. Plaintiff must rely on the defendant for his medical need, if the defendant fail to do so plaintiff need will not be met. Wherefore plaintiff plead a claim for deliberate, callous, indifferent of a serious medical needed.

## DENIAL OF OUT CELL EXERCISE:

The Defendants Warden Phillip, Warden Winfield, and Deputy Director Wallace showed deliberate, callous,

INDIFFERENCE WHILE ACTING UNDER A COLOR OF STATE LAW THEREBY CONFINING PLAINTIFF IN SEGREGATION SOME 310 DAYS FOR 23 TO 24 HOURS A DAY WITH NO ACCESS TO OUT CELL PHYSICAL EXERCISE, SUNLIGHT, OR FRESH AIR; A DEPRIVATION OF A BASIC HUMAN NEED. THE DEFENDANTS' CALLOUS ACTION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT. IN JUN 2012, WARDEN PHILLIP BEGAN ISSUING DISCIPLINARYS AGAINST PLAINTIFF FOR HIS REFUSAL TO MOVE INTO GENERAL POPULATION. PLAINTIFF WAS GIVEN 45 DAYS RECREATION RESTRICTION IN EACH DISCIPLINARY AND NOT ALLOWED OUT OF THE CELL. HOWEVER THE GUIDELINE IN ADMINISTRATE DIRECTIVE 03.05 PROVIDE: THAT INMATES ON RECREATION RESTRICTION SHALL BE ALLOWED OUT CELL PHYSICAL EXERCISE TWO HOURS EVERY SEVEN DAYS. PLAINTIFF FILED AN ADMINISTRATIVE GRIEVANCE BUT WARDEN PHILLIP ASSERTED IN THE RESPONSE, A REVIEW OF CLASSIFICATION RECORD INDICATED THAT YOU WERE DENIED OUT CELL EXERCISE DUE TO DISCIPLINARY SANCTION, PLAINTIFF FILED AN ADMINISTRATIVE GRIEVANCE NO. 20121604804, MAY 19, 2012, WITH REGARD ADMINISTRATIVE DIRECTIVE 03.50 FOR A DENIAL OF RECREATION. BUT WARDEN WINFIELD STATED IN THE RESPONSE AN INVESTIGATION INTO YOUR COMPLAINT DID NOT FIND EVIDENCE TO SUBSTANTIATE YOUR ALLEGATION OF BEING DENIED RECREATION. SERGEANT JENNING REPORTS THAT PROCEDURE ARE BEING FOLLOWED ACCORDING TO YOUR CURRENT RESTRICTION; PLAINTIFF FILED AN ADMINISTRATIVE STEP TWO GRIEVANCE WITH REGARDS TO ADMINISTRATIVE DIRECTIVE

ATC 1983 [REV. 04/06] PAGE 4 OF 5-4

03, 50 WITH THE DEPUTY DIRECTOR OFFICE, BUT MR. WALLACE ASSERTED IN HIS RESPONSE, YOUR STEP TWO GRIEVANCE NO. 2013040249 HAS BEEN REVIEWED BY OUR OFFICE AN INVESTIGATION WAS CONDUCTED INTO YOUR ALLEGATION OF BEING DENIED RECREATION. THE DAWSON STATE JAIL TDCJ MONITOR WAS CONTACTED MARCH 06, 2013, SHE CONFIRMED YOU HAVE BEEN RECEIVING RECREATION DAILY. THE CORRESPONDENCE FROM THE PRISON OFFICIALS IN STEP ONE AND STEP TWO ADMINISTRATIVE GRIEVANCES SUPPORTS THE DENIAL OF RECREATION FOR 310 DAYS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT, CAUSING PLAINTIFF PAIN, SUFFERING, AND PHYSICAL INJURY BECAUSE OF AN ESTABLISHED POLICY, PROCEDURE, OR CUSTOM THE STATE HAS POWER TO CONTROL. WHEREFORE PLAINTIFF PLEAD A CLAIM OF A DEPRIVATION OF A BASIC HUMAN NEED.

## QUASI JUDICIAL IMMUNITY:

PLAINTIFF ARGUES THAT THE DEFENDANTS CARRIE HUCKEBRIDGE, LANNETTE LINTHICUM, MICHELL PHILLIP, ROLANDA WINFIELD, AND GRADY WALLACE ARE ENTITLED TO QUALIFIED IMMUNITY ONLY INSOFAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN. ALTHOUGH PLAINTIFF MUST DO MORE THAN OFFER CONCLUSORY ALLEGATION THAT THE DEFENDANTS VIOLATED A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT A PUBLIC OFFICIAL IS NOT ENTITLE TO QUALIFIED IMMUNITY

WHEN THE CONTOURS OF THE RIGHT ARE SUFFICIENTLY CLEAR THAT A REASONABLE OFFICIAL WOULD UNDERSTAND THAT WHAT HE IS DOING VIOLATED THAT RIGHT. (1) THE PLAINTIFF PLEAD THAT THE DEFENDANT HUCKLEBRIDGE VIOLATED HIS FOURTEENTH AMENDMENT RIGHT WITHOUT PROVIDING HIM DUE PROCESS WHILE ACTING UNDER A COLOR OF STATE LAW. DEFENDANT HUCKLEBRIDGE VIOLATED A CLEARLY ESTABLISH FOURTEENTH AMENDMENT RIGHT UNDER THE DUE PROCESS CLAUSE. THE DEFENDANT IS IN A POSITION TO REASONABLY KNOW THAT THERE NO STATUTORY AUTHORITY THAT ALLOW PLAINTIFF TO BE CHARGE FOR CHRONIC MEDICAL SERVICES. DEFENDANT HUCKLEBRIDGE CONDUCT VIOLATED CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN, (2) PLAINTIFF PLEAD THAT THE DEFENDANT LINTHICUM VIOLATED HIS EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. WHILE ACTING UNDER A COLOR OF STATE LAW. DEFENDANT LINTHICUM VIOLATED A CLEARLY ESTABLISH EIGHTH AMENDMENT RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT. THE DEFENDANT IS IN A POSITION TO REASONABLY KNOW DENIED MEDICAL SERVICES 365 DAYS CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT RESULTING IN EIGHTH AMENDMENT VIOLATION. DEFENDANT LINTHICUM CONDUCT VIOLATED A CLEARLY ESTABLISH CONSTITUTIONAL RIGHT OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN, (3). PLAINTIFF PLEAD THAT DEFENDANT PHILLIP, DEFENDANT WINFIELD, DEFENDANT WALLACE VIOLATED HIS EIGHTH

AMENDMENT RIGHT TO BE FREE OF CRUEL AND UNUSUAL
PUNISHMENT WHILE ACTING UNDER A COLOR OF STATE LAW.
DEFENDANT PHILLIP, DEFENDANT WINFIELD, AND DEFENDANT
WALLACE VIOLATED A CLEARLY ESTABLISH EIGHTH AMEN-
DMENT RIGHT. THE DEFENDANTS IS IN A POSITION TO REA-
SONABLE KNOW CONFINEMENT IN SEGREGATION 310 DAYS
23 TO 24 HOURS A DAY WITH NO ACCESS TO RECREATION, SUN-
LIGHT, OR FRESH AIR CONSTITUTES CRUEL AND UNUSUAL PUN-
ISHMENT RESULTING IN EIGHTH AMENDMENT VIOLATION.
THE DEFENDANTS CONDUCT VIOLATED CLEARLY ESTABLISH
CONSTITUTIONAL RIGHT OF WHICH A REASONABLE PERSON
WOULD HAVE KNOWN, PLAINTIFF HAS NO ADEQUATE OR COMP-
LETE REMEDY AT LAW TO REDRESS THE WRONGS DESCR-
IBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE
TO BE IRREPARABLY INJURY BY THE CONDUCT OF THE
DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARTORY,
INJUNCTIVE, COMPENSATORY, AND PUNTIVE RELIEF WHICH
PLAINTIFF SEEK.


VI. CONCLUSION FOR RELIEF:


SERVICES FOR HIS ILLNESS THE CPAP MACHINE HAS NOT
SOLVED THE LOUD NOISE MAKING IN HIS SLEEP, PLAINTIFF
SEEK TO BE HOUSE IN A SINGLE MAN CELL DUE TO HIS
ILLNESS AND ASSAULTS BY INMATES DUE LOUD SLEEP ILLNESS.


PLAINTIFF SEEK COMPENSATORY DAMAGES FROM DEFENDANT

CARRIE HUCKLE BRIDGE IN THE AMOUNT OF 10,000, AND
PLAINTIFF SEEK PUNTIVES DAMAGES IN THE AMOUNT OF
5,000.

PLAINTIFF SEEK COMPENSATORY DAMAGES FROM EACH DEFENDANT
LANNETTE LINTHICUM, MICHELL PHILLIP, ROLANDA WINFIELD,
GRADY WALLACE IN THE AMOUNT OF 40,000.00

PLAINTIFF SEEK PUNTIVES DAMAGES FROM EACH DEFENDANT
LANNETTE LINTHICUM, MICHELL PHILLIP, ROLANDA WINFIELD,
GRADY WALLACE IN THE AMOUNT OF 40,000.00

PLAINTIFF SEEK THAT THE DEFENDANTS PAY COST IN THIS SUIT
ANY ADDITIONAL RELIEF THIS COURT DEEMS EQUITABLE

C.  Has any court ever warned or notified you that sanctions could be imposed? ____ YES _✓_ NO

D.  If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed warning (if federal, give the district and division): _____

2.  Case number: _____

3.  Approximate date warning were imposed: _____

Executed on: __Nov 15, 2013__          __Curley J. Boykin Jr.__
                   (Date)                           (Printed Name)

                                        __Curley J. Boykin Jr.__
                                              (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2.  I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3.  I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this __15__ day of __NOVEMBER__ , 20 __13__ .
              (Day)                    (Month)              (Year)

                                        __Curley J. Boykin Jr.__
                                              (Printed Name)

                                        __Curley J. Boykin Jr.__
                                              (Signature of Plaintiff)

**WARNING:  The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions.  The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

APPENDIX

# CORRECTIONAL MANAGED CARE
## CLINIC NOTES

**Patient Name:** BOYKIN, CURLEY J  **TDCJ#:** 1774868  **Date:** 06/28/2012 12:10  **Facility:** DAWSON (JD)

**Age:** 47 year  **Race:** B  **Sex:** male

**Most recent vitals from 6/28/2012:** BP: 124 / 82 (Sitting) ; Wt: 218 Lbs.; Height: 72 In.; Pulse: 60 (Sitting) ; Resp: 18 / min; Temp: 96 (Oral)
*CURRENT* PEAK FLOWS: PF 1: ; PF 2: ; PF 3:
*PRIOR* PEAK FLOWS: PF1 : ; PF 2: ; PF 3:
**Allergies:** NO KNOWN ALLERGIES

**Patient Language:  ENGLISH  Name of interpreter, if required:**

Current Medications:

| | | |
|---|---|---|
| **PROVENTIL HFA 90MCG INH 200PF**<br>2 PUFFS INHALATION TWICE DAILY for 50 Days KOP | ORDERING FACILITY: Dawson (JD)<br>ORDERING PROVIDER: REID, ROY M | LAST DATE GIVEN KOP: 06/12/2012 03:19:<br>REFILLS: 0 / 2<br><br>EXPIRATION DATE: 11/04/2012 08:38:00AM |

**Today's Problem:**  FU SLEEP APNEA- NEEDS REFILL ON ALLERGY MEDS WHICH MAKE HIS SLEEP APNEA EVEN WORSE
06/28/2012 12:10
S:HE IS IN SEG FOR PROTECTION- HIS LOUD SNORING CAUSES HIS DOEM MATES TO ASAULT HIM

O:MARKED NASAL CONGESTION

A:

**Plan is as follows:**  HE HAS  REFERRAL TO OPTOMETRY SUBMITTED
HE HAS BEEN APPROVED OF PULMONARY REFERRAL ON SEPT  1, 2012
REFILL CLARITIN AND PHENYLEPHRINE
FU WITH DR REID IN OCTOBER TO CHECK ON SLEEP APNEA

**Started Meds:**

    **LORATADINE 10MG TABLET**    14018463    06/28/2012 12:13
       1 TABS ORAL QD  KOP
       FINAL EXP. DATE: 9/26/2012 12:13:00PM    REFILLS: 2    DURATION: 30 Days

    **PHENYLEPHRINE 10MG TABLET**    14018465    06/28/2012 12:13
       2 TABS ORAL TID  KOP
       FINAL EXP. DATE: 7/03/2012 12:13:00PM    REFILLS: 0    DURATION: 5 Days

Procedures Ordered:

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|---|---|---|---|---|
| 6/28/2012<br>12:14PM | MED2-INTERMEDIATE OFFICE VISIT (F)) | sleep problems | | |

# Texas Department of Criminal Justice

## STEP 1   OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2013080486

Date Received: JAN 22 2013

Date Due: 03-08-2013

Grievance Code: 638

Investigator ID #: II373

Extension Date: NA

Date Retd to Offender MAR 01 2013

Offender Name: CURLEY BOYKIN   TDCJ # 1174868

Unit: DAWSON   Housing Assignment: HS4 55 7

Unit where incident occurred: _____

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? SERGEANT RUSSELL NO MEDICAL RESTRICTION When? FRI, JAN 18, 2013

What was their response? SERGEANT, MOVE INTO GENERAL POPULATION BECAUSE NO MEDICAL RESTRICTION

What action was taken? GRIEVANT WAS WRITTEN A DISCIPLINARY FOR REFUSING TO MOVE PLACE ON PHD.

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

GRIEVANT ALLEGED THIS COMPLAINT AGAINST C.C.A. ADMINISTRATION WARDEN PHILIP, WARDEN WINFIELD, CHIEF ALLEN, CAPTAIN GRAHAM, CLASSIFICATION BROW, SERGEANT RUSSELL, ACTING UNDER COLOR OF OFFICE WITH RETALIATION, HARASSMENT, DISCRIMINATION, CONSPIRING WITH REMOVING MEDICAL ISOLATION RESTRICTION IN ORDER TO MANUFACTURE DISCIPLINARY FOR FILING GRIEVANCE. STARTING IN THE MONTH OF MAY 2012, GRIEVANT FILE A GRIEVANCE FOR BEING DENIED RECREATION. WHILE BEING MEDICAL ISOLATED FOR SLEEP APNEA, IN THE MONTH OF JULY 2012, T.D.C.J. OFFICIAL'S AUDITED THE DAWSON STATE JAIL AT THIS TIME GRIEVANT WAS ALLOWED TO SPEAK WITH A T.D.C.J. MONITOR MR. WALLACE GRIEVANT INFORMED HIM HE WAS BEING DENIED RECREATION AFTER NOTIFYING THE T.D.C.J. MONITOR THIS ADMINISTRATION BEGAN TO RETALIATED FIRST WITH REMOVING MEDICAL RESTRICTION, SECOND WITH MANUFACTURING DISCIPLINARY FOR REFUSING TO MOVE INTO GENERAL POPULA- TION. WARDEN PHILIP, WARDEN WINFIELD, AND CHIEF ALLEN, ALL NOTIFIED HEALTH SERVICE LIAISON IN HUNTSVILLE THAT DOCTOR REID WAS DIS- RUPING SECURITY WITH HAVING GRIEVANT MEDICAL ISOLATED. SINCE REMOVING THE MEDICAL RESTRICTION WARDEN PHILIP WITH HIS STAFF HAVE HAD OPPORTUNITY WITH MANUFACTING DISCIPLINARY NO. 20130102, NO. 20120033008, NO. 201203 19884, NO. 201203 1847. WARDEN PHILIP, WARDEN WINFIELD, CHIEF ALLEN, SERGEANT RUSSELL, ALL ALLEGED

I-127 Front (Revised 9-1-2007)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

DOCTOR REID WAS NOT AUTHORIZE TO MEDICAL ISOLATED GRIEVANT FOR THE ILLNESS THAT THIS TYPE OF ILLNESS DOESN'T CONSTITUTE ISOLATION. GRIEVANT ASSERTS THAT THESE OFFICIALS ARE NOT QUALIFIED TO GIVE A MEDCIAL OPINION. DOCTOR REID WAS LEGALLY AUTHORIZE UNER AD-04.68 TO HOUSE GRIEVANT PENDING GALVESTON HOSPITAL OPINION

JAN 22 2013

**Action Requested to resolve your Complaint.**

RESTORE MEDICAL ISOLATION PENDING GALVESTON HOSPITAL OPINION OR GRIEVANT REQUEST TO EXHAUST THE STATE REMEDY JAN 22 2013

**Offender Signature:** _Grinton Bady_ **Date:** JANUARY 21 2018

**Grievance Response:**

~~Dr. Reid did not order you to be placed on segregation. He recommended single-cell housing due to your loud snoring bothering other offenders. Security staff explained to him that no single cell housing was available on this unit. Offender did not meet criteria for medical isolation.~~ (error) PB

~~Dr. Reid did not order you to be placed in segregation. He recommended single-cell housing due to your loud snoring bothering other offenders. Security staff explained to him that no single cell housing was available on this unit. Offender did not meet criteria for medical isolation.~~

Dr. Reid did not order you to be placed in segregation. He recommended single-cell housing due to your loud snoring bothering other offenders. Security staff explained to him that no single cell housing was available on this unit. Offender did not meet criteria for medical isolation.

**Signature Authority:** _Pam Brady_ **Date:** 3/1/13

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening lan
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehens..le. *
- [ ] 11. Inappropriate. *

**UGI Signature:** _____

**I-127 Back (Revised 9-1-2007)**

**OFFICE USE ONLY**

Initial Submission    UGI Initials:_____

Grievance #:_____

Screening Criteria Used:_____

Date Recd from Offender:_____

Date Returned to Offender:_____

**2nd Submission**    UGI Initials:_____

Grievance #:_____

Screening Criteria Used:_____

Date Recd from Offender:_____

Date Returned to Offender:_____

**3rd Submission**    UGI Initials:_____

Grievance #:_____

Screening Criteria Used:_____

Date Recd from Offender:_____

Date Returned to Offender:_____

**Appendix F**

APR 2 6 2013



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2013080486 |
| UGI Recd Date: | MAR 13 2013 |
| HQ Recd Date: | MAR 18 2013 |
| Date Due: | 4-27 |
| Grievance Code: | 638 |
| Investigator ID #: | 752 |
| Extension Date: | |

Offender Name: CURLEY BOYKIN   TDCJ # 1774868

Unit: DAWSON DH   Housing Assignment: B 8 A C108T

Unit where incident occurred: _____

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be specific).**   *I am dissatisfied with the response at Step 1 because...*

GRIEVANT MOVE TO APPEAL THE STEP ONE ANSWER OFFENDER
DID NOT MEET CRITERIA FOR MEDICAL ISOLATION
PRISON ADMINISTRATORS HAS A RESPONSIBILITY TO PROTECT LIFE
AND THAT THEY MAY NOT CONDITION SUCH PROTECTION ON
RELINQUISHMENT OF EARNRNED PRISON PRIVILEGES

MAR 13 2013

---

I-128 Front (Revised 11-2010)      **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**      (OVER)

Appendix G

**Offender Signature:** *Curley Boykin*                                   **Date:** MARCH 12, 2013

**Grievance Response:**

A Step 2 Medical Grievance investigator reviewed your claim of retaliation with removal of medical restriction for which you received a disciplinary for refusing to move into general population.  Your request for the restoration of a medical isolation restriction pending Hospital Galveston opinion was also reviewed.

The appellate review of the grievance supports the response provided at the Step 1 level in its entirety.  The Step 2 review revealed that your Sleep Study was completed on 3/14/2013.  You are currently scheduled with a provider to discuss the findings of your Sleep Study.  The discontinuation and/or issuance of medical restrictions is the clinical determination of the health care provider, which may be made by chart review or physical assessment.

**Signature Authority:** *[signature]*          Robert H. Kane Jr.          **Date:** 4/15/13
                                               Health Services Div.
                                               OPS

**Returned because:**     *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible. ***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments. ***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening languag**

☐ 6. **Inappropriate. ***

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**          CGO Initials:_____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened     ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**2nd Submission**          CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened     ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**3rd Submission**          CGO Initials:_____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened     ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**I-128 Back** (Revised 11-2010)

**Appendix G**

MAR 2 6

APPENDIX- C

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2013097075

Date Received: FEB 2 0 2013

Date Due: 03-31-2013

Grievance Code: 673

Investigator ID #: I 1373

Extension Date: N/A

Date Retd to Offender: MAR 2 6 2013

Offender Name: Curley Boykin        TDCJ # 1774868

Unit: Dawson        Housing Assignment: 5. S. 7

Unit where incident occurred: Dawson State Jail

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? FACILITY HEALTH ADMINSTRATOR    When? FEB 7, 2013

What was their response? FACILITY ADMINSTRATOR HAVE NO RESPONDED TO THE I-60

What action was taken? FILING A GRIEVANCE (I-27) THROUGH THE GRIEVANCE PROCESS

**State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.**

GRIEVANT ALLEGED THIS GRIEVANCE AGAINST THE FACILITY HEALTH ADMINSTRATOR IN VIOLATION OF THE OFFENDER'S MEDICAL HEALTH SERVICE PLAN, AND THE CORRECTIONAL MEDICAL CARE FORMULARY FOR CHARGING A CO-PAYMENT FOR A PRE-EXISTENCE MEDICAL ILLNESS THAT BEEN ON FILE SINCE 2005. THE MEDICAL HEALTH PROVIDER CHARGE GRIEVANT A 100.00 HUNDRED DOLLARS CO PAYMENT FOR A CHRONIC ILLNESS SLEEP APNEA IS A CHRONIC ILLNESS. THE OFFENDER'S MEDICAL HEALTH SERVICE PLAN PROHIBIT THIS KIND OF CHARGE FOR PRE-EXISTENCE MEDICAL PROBLEMS IN THE FILE.

FEB 1 9 2013

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

_____
_____
_____
_____
_____
_____

**Action Requested to resolve your Complaint.**

REQUESTED FOR THE CO PAYMENT BE REIMBURSED   FEB 19 2013

Offender Signature: _Curley Boykin_   Date: FEBRUARY 17, 20

Grievance Response:

You were charged the Health Services Fee for a visit on 5/21/12. You receive a monthly Trust Fund statement that indicates any co-payment charges for medical encounters. In accordance with the grievance mechanism, you have 15 days to file a grievance after the time an incident occurs or you have knowledge of an incident. We are unable to review charges that go beyond the past 90 days. You have exceeded reasonable time limits for filing on this issue. No additional action is warranted.

Signature Authority: _Pam Brady_   Date: 3/21/13

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:   *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

| OFFICE USE ONLY |
| --- |
| **Initial Submission** UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Offender: _____ |
| Date Returned to Offender: _____ |
| **2nd Submission** UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Offender: _____ |
| Date Returned to Offender: _____ |
| **3rd Submission** UGI Intitials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Offender: _____ |
| Date Returned to Offender: _____ |

**I-127 Back** (Revised 11-2010)

Appendix F



**Departamento de Justicia Criminal de Texas**

# PASO 2  FORMULARIO DE QUEJAS

CURT

Nombre: CURLEY BOYKIN   TDCJ # 1774864

Unidad: ~~Dawson~~ DH   Celda Asignada: 386

Unidad donde ocurrió el incidente: DAWSON STATE JAIL

**OFFICE USE ONLY**
Para Uso De La Oficina Solamente

Grievance #: 2013107075

UGI Recd Date: APR 0 5 2013

HQ Recd Date: APR 1 1 2013

Date Due: 5-20

Grievance Code: 473

Investigator ID #: 352

Extension Date: 7-4

*Para procesar su apelación al Segundo nivel, necesita mandar junto con su formulario (I-128) el original del formulario (I-127) con la respuesta y la firma del guardián. Usted no puede apelar su queja al Segundo nivel, si su queja al primer nivel fue regresada sin procesar.*

Escriba la razón de su apelación (sea específico).     *Yo no estoy satisfecho con la respuesta del Paso 1 porque....*

GRIEVANT MOVE TO APPEAL THE STEP 1 RESPONSE PAM BRADY HEALTH-
SERVICES ADMINSTRATOR HAS ALLEGE THAT A CO PAYMENT WAS WRONG-
FULLY TAKEN FROM GRIEVANT ACCOUNT BUT BECAUSE IT IS BEYOND THE
90 DAY WHICH SHE DOES NOT SITE ANY AUTHORITY GRIEVANT EXCEED-
ED A REASONABLE TIME FOR FILING A COMPLAINT

GRIEVANT CONTEND THE STATUTE OF LIMITATION FOR FILING A
CLAIM IS A TWO YEARS STATUTE OF LIMITATION THE UNIT HEALTH-
CARE PROVIDER WAS NOT AUTHORIZE BY LAW SECTION 501.063
TEX. GOVT. CODE TO CHARGE ANY CO PAYMENT FOR A CHRONIC ILLNESS
THIS IS A FORM OF THEFT AND FAILURE TO FOLLOW A STATE PROCE-
DURE WHICH HAVE DEPRIVED GRIEVANT OF DUE PROCESS OF LAW
IN VIOLATION HIS FOURTEENTH AMENDMENT ~~BOTH~~ RIGHTS SECURED
BY THE CONSTITUTION APR 0 5 2013

_____
_____
_____
_____
_____

**Firma del Ofensor:** *Curley Boykins*                    **Fecha:** APRIL 3, 2013

**Respuesta Administrativa en referencia a su apelacion:**

A review of the Step 1 grievance and documentation was completed regarding your complaint that you believe you were charged the annual Health Services Fee of $100 in error.  You stated you were charged this for sleep apnea, which is a chronic medical condition.  You asked to have the money refunded to you.

Review of the medical record indicated you were seen by the provider on 5/21/2012 for complaints of snoring, shortness of breath, and a cough.  You stated your private physician prescribed you an inhaler for asthma.  There was no documentation of any diagnosis of sleep apnea at this visit.  A diagnosis of sleep apnea was not made until 7/19/2012.  The charge from 5/21/2012 is valid and money will not be refunded to you for this visit.

Per the Offender Orientation Handbook, all complaints must be filed within 15 days of the incident.  Please refer to your Orientation Handbook for additional instructions regarding filing complaints.

**Firma de la Autoridad:** *Carrie Hucklebridge, RN BSN*  **Fecha:** 06-25-13

**Su queja fue regresada por las siguientes razones:**

**\*Presente esta forma otra vez cuando haya hecho las correcciones**

☐ 1. El periodo para presentar su queja ha terminado. \*

☐ 2. No se puede leer, no se entiende. \*

☐ 3. El documento original no fue presentado. \*

☐ 4. La queja tiene páginas excesivas o inapropiadas. \*

☐ 5. Contiene lenguaje vulgar, indecente o amenazador físicamente. \*

☐ 6. No es apropiado.\*     **Carrie Hucklebridge, RN, BSN**
*Manager III*
*Office of Professional Standards*

**CGO Staff Signature:** _____

**I-128S Reverso** (Revisión 11-2010)

| OFFICE USE ONLY |  |
|---|---|
| Para Uso De La Oficina Solamente |  |
| **Initial Submission** | **CGO Initials:_____** |
| Date UGI Recd: |  |
| Date CGO Recd: |  |
| (check one) ____ Screened ____ Improperly Submitted |  |
| Comments: |  |
| Date Returned to Offender: |  |
| **2ⁿᵈ Submission** | **CGO Initials: _____** |
| Date UGI Recd: |  |
| Date CGO Recd: |  |
| (check one) ____ Screened ____ Improperly Submitted |  |
| Comments: |  |
| Date Returned to Offender: |  |
| **3ʳᵈ Submission** | **CGO Initials: _____** |
| Date UGI Recd: |  |
| Date CGO Recd: |  |
| (check one) ____ Screened ____ Improperly Submitted |  |
| Comments: |  |
| Date Returned to Offender: |  |

C-108

Offender C. Boykin
TDCJ #1774868

**JECT:** *State briefly the problem on which you desire assistance.*

MS. STONE COMPLIANCE IM WRITING CONCERNING A
GRIEVANCE I FILE AGAINST MEDICAL FOR A ILLEGAL CO-PAY-
MENT CHARGE TO MY ACCOUNT THE STEP TWO WAS FILE APRIL
3 2013 GRIEVANCE NUMBER 2013097075 I HAVE NOT RECEIVE
A RESPONSE NOR WAS A NOTICE SENT OUT FOR EXTENSION OF
TIME IN ACCORDANCE BP 03.77, AD-03.82 I WROTE MS QUEEN
GRIEVANCE INVESTIGATOR CONCERNING THIS MATTER NO RESPONSE
IN THIS MATTER ANY TIME ADDITIONAL TIME IS NEEDED THE
DEPARTMENT MUST NOTIFY THE GRIEVANT OUTLINED IN BP 03.77
IM SEEKING INFORMATION FROM COMPLIANCE DEPT.

me: CURLEY BOYKIN          No: 1774868          Unit: DALHART

ving Quarters: JI- C-108          Work Assignment: NONE

**SPOSITION:** (Inmate will not write in this space)

Return 05-30-2013
S. Stone

I-60 (Rev. 11-90)

```
                              ____US CASE
    2013097075   ND   673
  DSCP CASE#:                           HEALTH SERVICES FEE      N      N
                  OPENED:      CLOSED:      INVEST:   EXTN DUE DATE:
            STEP1: 2013-02-19  2013-03-26  I1323
            STEP2: 2013-04-11              10352       2013-07-04
  COMMENT: CHARGED $100 FOR HIS CHRONIC ILLNESS

ENTER OPTION: ___ TDCJID: _____   SID: _____   GRV NO.: _____
ENTER INVESTIGATOR: _____

PF1=HELP   PF2=OPTION   PF3=PREV   PF4=RESET   PF7=BKD   PF8=FWD      PF12=MENU
```

APPENDIX D

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

CIU8T

Offender Name: Curley Boykin    TDCJ # 1774868

Unit: Dawson    Housing Assignment: 5, 8, 7

Unit where incident occurred: _____

**OFFICE USE ONLY**

Grievance #: 2013107740

Date Received: MAR 1

Date Due: 04-20-2013

Grievance Code: 624

Investigator ID #: 11323  N/A

Extension Date:

Date Retd to Offender: APR 11 2013

---

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing**

Who did you talk to (name, title)? PHYSICIAN REID    When? FEBRUARY 14, 2013

What was their response? UTMB ARE RESPONSIBLE FOR SCHEDULING THE SLEEP STUDY

What action was taken? UTMB TOOK NO ACTION, RESCHEDULE THE SLEEP STUDY

---

**State your greivance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.**

GRIEVANT ALLEGED THIS COMPLAINT AS AN EMERGENCY COMPLAINT
AGAINST (UTMB) UNIVERSITY TEXAS MEDICAL BRANCH IN GALVESTON
FOR VIOLATIONS OF THE OFFENDERS' HEALTH SERVICE PLAN... SECTIONS
501.064, 501.146 TEXAS GOVERNMENT CODE, IN THE MONTH OF OCTOBER
2012, THE UNIT PHYSICIAN SCHEDULE GRIEVANT FOR A SLEEP STUDY
TO DETERMINE IF A BREATHING MACHINE IS NECESSARY FOR HIS ILLNESS
THE APPOINTMENT WASN'T UNIT FEBRUARY 11, 2013, THE GALVESTON
MEDICAL PHYSICIAN TOOK NO ACTION WITH PERFORMING THE SLEEP
STUDY. THE PHYSICIAN ONLY SPOKE WITH GRIEVANT ABOUT THE SYMPTOMS
GRIEVANT WAS INFORM LATER THE SLEEP APNEA STUDY WOULD TAKE 90
MORE DAYS. GRIEVANT ASSERTS THIS IS A DEPRIVATION OF MEDICAL
SERVICE WHICH REPRESENT CORPORAL PUNISHMENT OR CRUEL AND
UNUSUAL PUNISHMENT PROHIBITED BY THE EIGHTH AMENDMENT. FOR
TEN (10) MONTHS GRIEVANT HAS BEEN DEPRIVED MEDICAL TREATMENT
FOR A BREATHING MACHINE WHICH HAS CAUSE MENTAL AND PHYSICAL ABUSE

MAR 11 2013

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

_____
_____
_____
_____
_____
_____

**Action Requested to resolve your Complaint.**

GRIEVANT REQUESTING THAT THE SLEEP STUDY WOULD BE PERFORM TO ALLOW
THE BREATHING MACHINE

Offender Signature: _Curley Boykin_____ MAR I I 2013    Date: MARCH 9, 2013

Grievance Response:

You were referred to the Pulmonary Clinic 6/7/12 for evaluation. The appointment was scheduled for 9/4/12 and you missed the appointment. You were re-referred on 9/20/12 and seen on 2/11/13. You were referred for a sleep study on 2/15/13 and this was completed on 3/14/13. You currently have a pending f/u appt with Pulmonary to discuss the findings of the sleep study. All appointments were within the timeline mandated by policy.

Signature Authority: _PamBrady_____    Date: 4/9/13

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:    *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.**

Medical Signature Authority: _____

| OFFICE USE ONLY |
| --- |
| **Initial Submission**    UGI Initials: _____ |
| Grievance #:_____ |
| Screening Criteria Used:_____ |
| Date Recd from Offender:_____ |
| Date Returned to Offender:_____ |
| **2nd Submission**    UGI Initials: _____ |
| Grievance #:_____ |
| Screening Criteria Used:_____ |
| Date Recd from Offender:_____ |
| Date Returned to Offender:_____ |
| **3rd Submission**    UGI Intitials: _____ |
| Grievance #:_____ |
| Screening Criteria Used:_____ |
| Date Recd from Offender:_____ |
| Date Returned to Offender:_____ |

**I-127 Back** (Revised 11-2010)                                          **Appendix F**

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I WOULD LIKE TO KNOW WHAT DATE AM I SCHEDUAL TO SEE PULMONARY DOCTOR CONCERNING THE BREATHEN MACHINE

Name: CURLEY BOYKIN     No: 1774868     Unit: DALHART

Living Quarters: C 108     Work Assignment: NONE

**DISPOSITION:** (Inmate will not write in this space)

you have to see our unit Dr to get a new referral. you are scheduled to see our Dr

P. Zinder Lvn

☆ I-60 (Rev. 11-90)

RECEIVED
JUN 0 6 2013
BY: DR 8:00

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ❑ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ❑ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ❑ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ❑ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ❑ *Visiting List (Asst. Director of classification, Administration Building)*

6. ❑ *Parole requirements and related information (Unit Parole Counselor)*

7. ❑ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ❑ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: <u>MEDICAL DEPARTMENT</u>    DATE: <u>JUNE 6 2013</u>

(Name and title of official)

ADDRESS: <u>DALHART UNIT</u>

**SUBJECT:** *State briefly the problem on which you desire assistance.*

MEDICAL DEPARTMENT:

I WOULD LIKE TO KNOW WHAT MONTH IS MY MEDICAL APPOINT IS SECHEDULE FOR ? I WAS SUPPOSE TO BE SECHEDULE TO SEE THE DOCTOR IN THE MONTH OF MAY 2013

Name: CURLEY BOYKIN    No: 1774868    Unit: DALHART

Living Quarters: J1- C-108    Work Assignment: NONE

**DISPOSITION:** (Inmate will not write in this space)

You seen optomotry in April. Your Glasses were Ordered. You are scheduled to see the nurse. D. Jinsen for you. You are in a different region.

RECEIVED
JUN 0 4 2013
BY: D.A 8:00

☆I-60 (Rev. 11-90)

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION
## INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ❑ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ❑ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ❑ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ❑ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ❑ *Visiting List (Asst. Director of classification, Administration Building)*

6. ❑ *Parole requirements and related information (Unit Parole Counselor)*

7. ❑ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ❑ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: __MEDICAL DEPARTMENT__   DATE: __D JUNE 4 2013__

   *(Name and title of official)*

ADDRESS: __DAL HART__

ON MARCH 15, 2013, I WENT TO GALVESTON HOSPITAL FOR
A SLEEP STUDY I WAS DIAGNOSED WITH OBSTRUCTIVE SLEEP
APNEA AND APPROVE FOR A BREATHING MACHINE THE NEXT
APPOINTMENT IS IN MAY 2013 TO ADJUST AIR WAY PRESSURE
I WOULD LIKE TO KNOW WILL I STILL GO BACK TO GALVESTON
HOSPITAL OR WILL I GO TO A HOSPITAL IN THIS REGIONAL
AREA ?? I'M HAVING SERIOUS PROBLEM GETTING OXYGEN WHEN I
SLEEP INTERRUPTED WITH PAUSES IN BREATHING FOLLOWED BY
LOUD GASPS.

**Name:** CURLEY BOYKIN   **No.** 1774868   **Unit:** DAL HART

**Living Quarters:** ~~IFC 108~~ C 108   **Work Assignment:** NONE

---

**DISPOSITION; (Inmate will not write in this space)**

If you are still on this Unit, you will
go to a Doctor in this region.

P. Zinder LVN

RECEIVED
APR 2 4 2013
BY: DA 8:00

I-60 (Back)   800207-1912

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ Restoration of Lost overtime (Unit Warden-if approved. it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden-if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78711

5. ☐ *Visiting List (Asst. Director of Classification, Administration Building)*

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility. discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: S. TENORIO, MEDICAL DIRECTOR        DATE: APRIL 23, 2013
(Name and Title of Official)

ADDRESS: DALHEART UNIT

I-60 (Front)                                                                 800207-1912

I WAS SCHEDULED FOR APPOINTMENT MAY 2013 PENDING APPOINTMENT WITH PULMONARY TO DISCUSS THE FINDING WITH THE OXYGEN MACHINE WHAT ARE THE SCHEDULE NOW

TX. ST. BOARD OF MEDICAL EXAMINERS INVESTIGATION DEPT., MC 263 BOX 2018, AUSTIN TX. 78768-2018 REGULATES DOCTORS and HEALTH CARE PROVIDER'S

Name: CURLEY BOYKIN    No: 1774868    Unit: DALHART

Living Quarters: C 108    Work Assignment: NONE

DISPOSITION: (Inmate will not write in this space)

Nurse Appointment for pulmonary neblems / oxygen machine.

RECEIVED
JUN 03 2013
BY: D. A 8:00

D. Zinser Lvn

☆I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ❑ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ❑ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ❑ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ❑ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ❑ *Visiting List (Asst. Director of classification, Administration Building)*

6. ❑ *Parole requirements and related information (Unit Parole Counselor)*

7. ❑ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ❑ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: _TENORIO, MEDICAL DIRECTOR_          DATE: _MAY 31, 2013_
                *(Name and title of official)*

ADDRESS: _DALHART UNIT_

**SUBJECT:** *State briefly the problem on which you desire assistance.*

DR LENZ I'M REQUESTING TO SPEAK WITH YOU ON THE SLEEP STUDY RESULT ON JUL 19 2013 SINCE THIS DATE HAVE NOT BEING NOTIFY BY ANY PRISON MEDICAL OFFICIALS CONCERNING THE RESULT. I'VE EVEN TRIED TO REQUEST TO BUY THE MEDICAL RECORD BUT PRISON MEDICAL OFFICIAL WOULD NOT ANSWER THE REQUEST

Name: CURLEY BOYKIN          No: 1774868          Unit: DALHART

Living Quarters: C 216          Work Assignment: FEELD FOUR

**DISPOSITION:** (Inmate will not write in this space)

Nurse appointment to follow up on sleep study test

P. Frisen LVN

☆I-60 (Rev. 11-90)

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE / INSTITUTIONAL DIVISION

## INMATE REQUEST TO OFFICIAL

**REASON FOR REQUEST: (Please check one)**

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ❑ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ❑ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ❑ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ❑ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ❑ *Visiting List (Asst. Director of classification, Administration Building)*

6. ❑ *Parole requirements and related information (Unit Parole Counselor)*

7. ❑ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ❑ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: DR. LENZ, TTUHSC, SCHOOL PHARMACY DATE: SEPTEMBER 3, 2013
   (Name and title of official)

ADDRESS: DALHART UNIT

APPENDIX - E

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2012164804

Date Received: MAY 2 2 2012

Date Due: 07-01-2012

Grievance Code: 506

Investigator ID #: 1373

Extension Date: JUN 28 2012

Date Retd to Offender: _____

AS-H

Offender Name: CURLEY BOYKIN    TDCJ # 1774868

Unit: DAWSON    Housing Assignment: 4/04 SEGREGATION

Unit where incident occurred: DAWSON STATE JAIL

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? FLOOR SERGEANT    When? MAY 17, 18,

What was their response? FLOOR SERGEANT UN RESPONSE

What action was taken? SAME NONE

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

GRIEVANT REQUEST FOR IMMEDIATE ATTENTION ON-ONGOING VIOLATION OF POLICY IN ADMINISTRATED SEGREGATION 1. INMATE ARE BEING DENIED GRIEVANCE FORM AND EXCESS TO THE THE GRIEVANCE BOX II. INMATES ARE BEING DENIED PHYSICAL RECREATION OUT SIDE THE CELL, III INMATES ARE BEIN DENIED CLEANING CHEMICAL FOR THE CELL BLOCK; SHOWERS ARE NOT BEING CLEAN. IV. INMATE ARE BEING SUBJECTED TO ALL FORMS OF UN-SANITARY CONDITIONS SUCH AS BEEN BEING FEED THROUGH A DIRTY DOOR HOLE IN THE DOOR. V. INMATES ARE BEING DENIED MEDICAL CARE FOR CHRONIC ILLNESS AND PHYSICAL HEALTH CARE AS WELL. THESE VIOLATION HAVE OCCURRED FROM A LACK OF STAFF.

MAY 2 2 2012

---

**I-127 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

**Action Requested to resolve your Complaint.**

GRIEVANT REQUEST THAT POLICY AND PROCEDURE WILL BE FOLLOW

Offender Signature: _Curley Boyl_____ Date: MAY 19, 2012 MAY 2 2 2012

**Grievance Response:**

Investigation into your complaint did not find evidence to
substantiate your allegations of your living conditions being
violated.. Sergeant Jennings reports that procedures are being
followed according to your current restriction. If you are having
problems in this are inform the floor sergeant. There is no action
warranted on this matter.

R. Winfield, Assistant Warden

JUN 28 2012

Signature Authority: _____ Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.**

**Medical Signature Authority:**_____  _____

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

**1-127 Back** (Revised 11-2010)

Appendix F



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2013107740

UGI Recd Date: JUN 10 2013

HQ Recd Date: JUN 14 2013

Date Due: 7-25

Grievance Code: CO24

Investigator ID #: 3X2#

Extension Date: 9-5

Offender Name: CURLEY BOYKIN          TDCJ # 1774868

Unit: DALHART          Housing Assignment: C 108

Unit where incident occurred: DALHART UNIT

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be specific).**   *I am dissatisfied with the response at Step 1 because...*

GRIEVANT MOVE TO REINSTATE THE STEP ONE APPEAL PROCESS AND MOVE FOR STEP TWO PROCESS, GRIEVANCE A CURRENT PENDING MEDICAL APPOINTMENT, WITH THE PULMONARY DOCTOR TO DISCUSS THE FINDING OF THE SLEEP STUDY MARCH 14, 2013. IN THE MONTH MAY 2013, GRIEVANT WAS SCHEDULE TO SEE THE PULMONARY DOCTOR BUT DID NOT RECEIVE AN APPOINTMENT, ON JUNE 5, 2013 GRIEVANT WAS LAIDED IN MEDICAL FOR NURSE SICK CALL WHO ONLY SPOKE WITH GRIEVANT ABOUT SEEING THE PULMONARY DOCTOR, ON JUN 7, 2013, GRIEVANT WAS LAIDED IN FOR MEDICAL THE UNIT HEALTH CARE PROVIDER ONLY SPOKE WITH GRIEVANT ABOUT THE SLEEP STUDY, AFTER INFORMING THE HEALTH CARE PROVIDER THAT HE WAS SCHE-DULE TO SEE THE PULMONARY DOCTOR ABOUT THE BREATHING MACHINE. THE UNIT HEALTH CARE PROVIDER STATED THAT UNIVER-SITY TEXAS MEDICAL BRANCH DID NOT THINK THE BREATHING MACHINE WAS NECESSARY BECAUSE IF IT WERE GRIEVANT WOULD HAVE RECEIVED THE MACHINE BY NOW. GRIEVANT CONTEND THIS IS A DEPRIVATION OF MEDICAL SERVICE PURSUANT TO SECTION 501.064 AND 501.146 TEXAS GOVERNMENT CODE WHICH REPRESENT CORPORAL PUNISHMENT AND CRUEL AND UNUSUAL PUNISHMENT THAT PROHIBITED BY THE EIGHTH AMENDMENT. A DELAY OF MEDICAL SERVICES IS A DENIAL OF MEDICAL ALTOGETHER. FOR THE

**I-128 Front** (Revised 9-1-2007)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix G

REASON ON JUNE 5TH AND JUN 7TH GRIEVANT MOVE TO
STATE THE APPEAL IN STEP ONE TO EXHAUSTED STATE
ADMINISTRATIVE REMEDIES IN STEP TWO

**Offender Signature:** Curley Boykin          **Date:** JUNE 7 2013

**Grievance Response:**

A Step 2 Medical Grievance investigator reviewed your claim that a ten month delay deprived you of medical treatment in the form of a breathing machine.

The appellate review of the grievance supports the response provided at the Step 1 level in its entirety. You were most recently seen on 7/18/2013, at which time a Polysomnography was completed to evaluate you for suspected sleep disorder breathing. You may wish to address findings and specialty recommendations with the facility level provider through submission of an I-60 to the facility level medical department.

Robert H. Kane Jr.
Health Services Div.
OPS

**Signature Authority:** Robert H. Kane Jr.          **Date:** 9/5/13

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate. *

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**          **CGO Initials:_____**

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**2nd Submission**          **CGO Initials: _____**

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**3rd Submission**          **CGO Initials:_____**

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**I-128 Back** (Revised 9-1-2007)                    **Appendix G**



SEP 28 2012

**Texas Department of Criminal Justice**

# STEP 2

### OFFENDER
### GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2012164704

UGI Rec'd Date: JUL 11 2012

HQ Rec'd Date: JUL 16 2012

Date Due: 8-15

Grievance Code: SCS

Investigator ID #: I1168

Extension Date: 9-19-12

Offender Name: CURELY BOYKIN            TDCJ # 1774868

Unit: DAWSON         Housing Assignment: 4. SEG. 4

Unit where incident occurred: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be specific).   *I am dissatisfied with the response at Step 1 because...*

PROCEDURE ARE NOT BEING FOLLOW AS SERGEANT JENNING ALLEGE IN THE STEP ONE ANSWER. MAY 15 2012 THROUGH JUNE 28 2012 GRIEVANT AND OTHER INMATE'S SIMILAR SITUATED HAS BEEN DENIED RECREATION. SERGEANT JENNING MEAN WHILE JUSTIFY THE DENIAL OF RECREATION WITH THE RESTRICTION THAT WAS IMPOSE MAY 25, 2012. ON JULY 4, 2012 GRIEVANT WAS DENIED OUT OF CELL RECREATION BY SERGEANT JENNING. SERGEANT JENNING ORDER OFFICE IBE TO WRITE GRIEVANT A DISCIPLINARY INFRACTION ON REFUSING HOUSING ASSIGNMENT WITHOUT GETTING MEDICAL APPROVAL. MAY 25, GRIEVANT WAS FOUND GUILTY OF THE INFRACTION PUNISHMENT WAS EXCESS 45 DAY RECREATION RESTRICTION, 45 DAY COMMISSARY RESTRICTION, 45 DAY NO CONTACT VISITED RESTRICTION AND GRIEVANT APPEAL. WHILE THE APPEAL PROCESS IS DEVELOPING THE RESTRICTION ARE BEIN ENFORCE WHICH IS CLEARLY UNFOUNDED BASE ON THE FACT THE RECREATION RESTRICTION VIOLATES C.C.A. AND JDCJ ADMINISTRATIVE SEGREGATION MANUAL. ON PAGE 15 [ADJ-03.50, ADMINISTRATIVE SEGREGATED OFFENDERS IN ANY CATEGORY OF SEGREGATION SHALL BE RECREATED AT LEAST ONE HOUR WITHIN THE FIRST 72 HOURS OF PLACEMENT IN ADMINISTRATIVE SEGREGATION. GRIEVANT WAS MEDICALLY PLACE IN SEGREGATION MAY 14, 2012, THERE AFTER HAS BEEN DENIED RECREATION. INMATES PLACE IN SEGREGATION SHOULD NOT BE RESTRICTED UNLESS IT WOULD CREATE AN IMMEDIATE AND SERIOUS THREAT TO THE PHYSICAL SAFETY OR SECURITY OF ADMINISTRATIVE SEGREGATION INMATES OR STAFF

I-128 Front (Revised 11-2010)        **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**        (OVER)

Appendix G

THE DECISION TO DENY AN ADMINISTRATIVE SEGREGATION INMATE
RECREATION SHALL BE IN WRITING AND SHALL EXPLAIN THE REASON FOR THE
DENIAL. SERGEANT JENNING HAS DENIED GRIEVANT RECREATION FROM
MAY 15, 2012 UNTIL JULY 5, 2012 UPON FILING THIS STEP TWO

JUL 11 2012

**Offender Signature:** Curley Boykin           **Date:** JULY 5, 2012

**Grievance Response:**

Boykin, Curley #1774868
2012164804

Your Step 2 grievance has been reviewed by our office. The investigation conducted into your claim of Sergeant Jennings denying you recreation from May 25, 2012 to July 4, 2012 has been completed. The investigation revealed you were on recreation restriction. You were appropriately advised at Step 1. No action warranted.

~~Grady Wallace~~  S. Schumacher
~~Deputy Director of Operations~~ Contract Manager
Private Facility Contract Monitoring/Oversight Division

**Signature Authority:** SSchumacher           **Date:** 9/18/12

**Returned because:**   ***Resubmit this form when corrections are made.***

- [ ] 1. **Grievable time period has expired.**
- [ ] 2. **Illegible/Incomprehensible.** *
- [ ] 3. **Originals not submitted.** *
- [ ] 4. **Inappropriate/Excessive attachments.** *
- [ ] 5. **Malicious use of vulgar, indecent, or physically threatening language** *
- [ ] 6. **Inappropriate.** *

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
| --- | --- |
| **Initial Submission** | **CGO Initials:**_____ |
| Date UGI Rec'd:_____ | |
| Date CGO Rec'd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | **CGO Initials:**_____ |
| Date UGI Rec'd:_____ | |
| Date CGO Rec'd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **3rd Submission** | **CGO Initials:**_____ |
| Date UGI Rec'd:_____ | |
| Date CGO Rec'd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |

**I-128 Back** (Revised 11-2010)

Appendix G

WARDEN WINFIELD: THIS IS TO GIVE NOTICE I WAS DENIED RECREAT-
ION THE MONTH OF AUGUST, SEPTEMBER AND I WAS DENIED RECREAT
ION OCTOBER 3, 2012, THE C.C.A POLICY VIOLATE MY EIGHT AMEN-
DMENT RIGHT THE WAY IT IS BEING USE TO DENIED RECREATION.
OFFICER REID WORK SEGREGATION ALLEGED OFFENDERS ARE NOT
ALLOWED RECREATION UNLESS TWO OFFICER ARE PRESENCE.

Name: CURLEV BOYKIN     No. 1774868     Unit: DAWSON

Living Quarters: 4.S.4     Work Assignment: _____

**DISPOSITION; (Inmate will not write in this space)**

I-60 (Back)                                        800207-1912

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR RE-QUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden-if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78711)

5. ☐ *Visiting List (Asst. Director of Classification, Administration Building)*

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: WARDEN, WINFILD      DATE: OCTOBER 3, 2012
       (Name and Title of Official)

ADDRESS: DAWSON STATE JAIL

I-60 (Front)        800207-1912

WARDEN WINFIELD: THIS IS TO GIVE NOTICE I'M STILL BEING DENIED RECREATION IN SEGREGATION THE C.C.A POLICY VIOLATE MY EIGHT AMENDMENT RIGHT THE WAY IT IS BEING USE TO DENIED RECREATION. THE C.C.A OFFICER WORK SEGREGATION ALLEGED OFFENDERS ARE NOT ALLOWED RECREATION UNLESS TWO OFFICER ARE PRESENCE. ITS NOW BEEN FOUR MONTHS TWO OFFICER ARE NEVER AVAILABLE TO GIVE RECREATION BUT TWO OFFICER ARE AVAILABLE TO GIVE SHOWERS

Name: CURLEY BOYKIN          No. 17748.68          Unit: DAWSON

Living Quarters: 4.S.4                              Work Assignment: _____

DISPOSITION; (Inmate will not write in this space)

I-60 (Back)                                          800207-1912

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden-if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78711)

5. ☐ *Visiting List (Asst. Director of Classification, Administration Building)*

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: __WARDEN, WINFILD_____ DATE: __SEPT 21, 2012__
　　　　　(Name and Title of Official)

ADDRESS: __DAWSON STATE JAIL_____

I-60 (Front)

800207-1912

APPENDIX-F

# Texas Department of Criminal Justice

## STEP 1

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2013040249 |
| Date Received: | NOV 08 2012 |
| Date Due: | 12·17·2012 |
| Grievance Code: | 509 |
| Investigator ID #: | I132B |
| Extension Date: | N/A |
| Date Retd to Offender: | DEC 17 2012 |

Offender Name: CURLEY BOYKEN     TDCJ # 1774868

Unit: DAWSON     Housing Assignment: 484

Unit where incident occurred: DAWSON STATE JAIL

---

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? SERGEANT RUSSELL     When? NOV 6, 2012

What was their response? GRIEVANT WAS NOT G4 AND ALLOWED RECREATION

What action was taken? THE C/O NIGERIA OFFICER STILL DENIED RECREATION

---

**State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.**

GRIEVANT ALLEGED THIS GRIEVANCE AGAINST THE NIGERIA OFFICER WORKING SEGREGATION TUESDAY NOVEMBER 6, 2012, FOR VIOLATING THE ADMINISTRATIVE DIRECTIVE 03.50

THE SEGREGATION OFFICER DENIED GRIEVANT RECREATION AND SHOWER ALLEGING THERE WAS CONFLICTING DOCUMENT IN HIS PAPER WORK AN I-169 FORM STATING THAT GRIEVANT WAS G2 STATUS TRANSIT AWAITING HOUSING ASSIGNMENT AND ANOTHER DOCUMENT A COMPUTER PRINT OUT FROM THE COUNTROOM STATING THAT GRIEVANT WAS G4 STATUS TRANSIT TRANSFER, SERGEANT RUSSELL STATED THAT THE COUNTROOM STILL HAD GRIEVANT LISTED G4 IN ERROR THAT THE STATUS WAS G2; AFTER SERGEANT RUSSELL LEFT SEGREGATION THE C/O OFFICER STILL DENIED RECREATION AND SHOWER STATING THE SERGEANT DID NOT SAY GRIEVANT WAS G2 STATUS. GRIEVANT REQUEST THAT THE C/O OFFICER NOTIFY SERGEANT RUSSELL THE OFFICER REFUSE STATING HE'S IN CHARGE OF THIS POST THERE MUST BE TWO OFFICER PRESENCE TO ALLOW RECREATION. GRIEVANT ASSERTS THE C.C.A. POLICY THAT THE OFFICER'S ARE USING TO DENY RECREATION VIOLATE THE ADMINISTRATIVE DIRECTIVE 03.50 AND THE EIGHT AMENDMENT UNITED STATES CONSTITUTION

---

**I-127 Front** (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     **(OVER)**

Appendix F

THE DAWSON STATE JAIL IS BOUND UNDER THE ADMINISTRATIVE
DIRECTIVES ANY OTHER POLICIES CONTRARY NOTWITHSTANDING

NOV 2 9 2012

**Action Requested to resolve your Complaint**

GRIEVANT REQUEST THAT AD-03.50 WOULD BE FOLLOW TO ALLOW GRIEVANT
RECREATION NOV 0 9 20

Offender Signature: _Curley Boykin_                                        Date: _Nov 6, 2012_

Grievance Response:

> A review of your classification records indicated that you were
> denied recreation due to disciplinary sanctions. Furthermore, your
> status of G4 was valid. No action warranted.
>
> R. Winfield, Assistant Warden

DEC 1 7 2012

Signature Authority: _____                Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

Returned because: *Resubmit this form when corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.

Medical Signature Authority: _____

**OFFICE USE ONLY**

**Initial Submission**       UGI Initials: _____
Grievance #:_____
Screening Criteria Used:_____
Date Recd from Offender:_____
Date Returned to Offender:_____

**2nd Submission**       UGI Initials: _____
Grievance #:_____
Screening Criteria Used:_____
Date Recd from Offender:_____
Date Returned to Offender:_____

**3rd Submission**       UGI Intitials: _____
Grievance #:_____
Screening Criteria Used:_____
Date Recd from Offender:_____
Date Returned to Offender:_____

2013 040 249



**Texas Department of Criminal Justice**

# STEP 2     OFFENDER
## GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 20130484

J GI Rec'd Date: DEC 31 2012

HQ Rec'd Date: JAN 10 2013

Date Due: 2-4

Grievance Code: 509

Investigator ID #: I4687

Extension Date: 3/11/13

Offender Name: CURLEY BOYKIN     TDCJ # 1774868
Unit: DAWSON     Housing Assignment: 4.S.4
Unit where incident occurred: DAWSON STATE JAIL

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be specific).**   *I am dissatisfied with the response at Step 1 because…*

GRIEVANT MOVE TO APPEAL THE STEP ONE RESPONSE THE UNIT GRIE
VANCE INVESTIGATOR ALLEGE IN THE ANSWER GRIEVANT WAS
DENIED RECREATION DUE TO DISCIPLINARY SANCTIONS.

GRIEVANT ASSERTS IN OCTOBER 9, 2012, HE RECEIVE 45 DAYS
RECREATION RESTRICTION IN DISCIPLINARY NO. 20130034091
AND HAVE BEEN DENIED RECREATION DUE TO DISCIPLINARY
SANCTIONS. GRIEVANT ASSERTS IN ACCORDING WITH THE
ADMINISTRATIVE DIRECTIVE 03.50 SEGREGATION PLAN OFF-
ENDERS ON RECREATION RESTRICTION ARE TO BE ALLOWED
RECREATION EVERY SEVEN DAYS, THE C.C.A. OFFICERS ASSIGNED
TO SEGREGATION ARE VIOLATING THE DIRECTIVE DENYING
RECREATION PERIOD ALLEGING THAT THEIR POLICY STATE INORDER
FOR THEM TO GIVE OFFENDERS RECREATION TWO OFFICERS MUST
BE PRESENCE. WHICH RESULTED IN THIS GRIEVANCE BECAUSE
THEY ARE USING THIS POLICY TO VIOLATED THE ADMINISTRATIVE
DIRECTIVE 03.50

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

Offender Signature: _Ceerley Boykin_   Date: _DECEMBER 20, 2012_

**Grievance Response:**

Boykin, Curly #1774868
2013040249

Your Step 2 grievance has been reviewed by our office. An investigation was conducted into your allegation of being denied recreation. The TDCJ Contract Monitor was contacted and on March 6, 2013 you confirmed you have been receiving recreation daily. No action warranted.

Grady Wallace
Deputy Director of Operations
Private Facility Contract Monitoring/Oversight Division

**Signature Authority:** _____   Date: _3-6-2013_

**Returned because:** *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible. ***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments. ***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate. ***

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:_____** |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | **CGO Initials: _____** |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **3rd Submission** | **CGO Initials:_____** |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |

**I-128 Back** (Revised 11-2010)

Appendix G

CASE: 20120262147 TDCJNO: 01774868 NAME: BOYKIN, CURLEY JAMES          EA:    5.7
UNIT: JD   HSNG: 4S      04 T      JOB: PRE-HEARING DETENTION          IG:  060
CLSS: L1  CUST: G2  PRIMARY LANGUAGE: ENGLISH    MHMR RESTRICTIONS:  NONE
GRDE: MA / CCC  OFF. DATE: 05/23/12  10:57 AM  LOCATION: JD ADMIN SEG
TYPE: TF

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 4 SEG-04/4, OFFENDER:  BOYKIN, CURLEY
JAMES, TDCJ-ID NO. 01774868, WAS ORDERED BY OFFICER IBE TO ACCEPT AND MOVE INTO
SE-04S, AND SAID OFFENDER FAILED TO OBEY THE ORDER BECAUSE: OF HIS
"SLEEP APNEA."

CHARGING OFFICER: IBE, D                          SHIFT/CARD: 1 B
                          OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 1138am 5-25-12 BY: (PRINT) _____ JONES, T _____
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES (NO) IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: Curly Boyk           DATE: 5-25-12
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: Curly Boyk                 DATE: 5-25-12

## HEARING INFORMATION

HEARING DATE: 5/25/12  TIME: 1451   UNIT ____ FOLDER D-240 FILE 151  DSFILE 632
COUNSEL SUBSTITUTE AT HEARING: JONES, T  FOLDER _____ FILE _____ DSFILE _____
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES WAS (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) 3) Offndr waved right to attd heary

OFFENDER STATEMENT: No Statement due to offndr waiveing right to attd

OFFENSE CODES:          24.2
OFFENDER PLEA: (G, (NG), NONE) |  N G  |    |    |    |
FINDINGS:  (G) NG, DS)  |   G   |    |    |    |
REDUCED TO MINOR(PRIOR TO DOCKET) __ (DOCKET) __ (HEARING) __ BY: (INITIAL) ____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER
EXPLAIN IN DETAIL: B) Offcr Rport

## PUNISHMENT

LOSS OF PRIV(DAYS) ____  REPRIMAND. ____           SOLITARY(DAYS) 1 day susp.
*RECREATION(DAYS) 45   EXTRA DUTY(HOURS) ____      REMAIN LINE 3. ____
*COMMISSARY(DAYS) 45   CONT. VISIT SUSP. THRU 7/9/12  REDUC. CLASS FROM __ TO __
*PROPERTY(DAYS) ____   CELL RESTR(DAYS) ____       GOOD TIME LOST(DAYS). ____
* ____ (DAYS) ____     SPECIAL CELL RESTR(DAYS) ____  DAMAGES/FORFEIT. $ ____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
Sentry of Care / Circumstanes Surely the night

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) ____ (NO) / NA
DATE PLACED IN PRE-HEARING DETENTION 5/23/12 HEARING LENGTH  3  (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: Waved rghts to attd heary
Graham
HEARING OFFICER (PRINT)      WARDEN               REVIEWER SIGNATURE
(FORM I-47MA) CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV-04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20120311847 TDCJNO:01774868 NAME: BOYKIN, CURLEY JAMES        EA:  5.7
UNIT: JD  HSNG:  04              JOB: TRANSIENT CUSTODY OVERFLOW      IQ: 060
CLSS: L1  CUST: G2  PRIMARY LANGUAGE: ENGLISH  MHMR RESTRICTIONS:  NONE
GRDE: MA / CCC  OFF. DATE: 07/14/12  05:00 PM  LOCATION: JD ADMIN SEG
TYPE: TF

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT LEVEL FOUR SEG, OFFENDER: BOYKIN,
CURLEY JAMES, TDCJ-ID NO: 01774868, WAS ORDERED BY C/O E. RIDGE TO ACCEPT AND
MOVE INTO MEDICAL-ISOLATION AND SAID OFFENDER FAILED TO OBEY THE ORDER BECAUSE:
HE WAS MEDICAL ISOLATION BY DR. REED.

CHARGING OFFICER: RIDGE, E                          SHIFT/CARD: 1 A
                              OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 515pm 7-23-12  BY: (PRINT)  JONES,T
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE:  Curly B.C.           DATE: 7-23-12
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE:  Curly B.C.           DATE: 7-23-12

### HEARING INFORMATION

HEARING DATE:      TIME:      UNIT      FOLDER      FILE      DSFILE
COUNSEL SUBSTITUTE AT HEARING:           FOLDER      FILE      DSFILE
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7)IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE)

OFFENDER STATEMENT:

OFFENSE CODES:              24.2
OFFENDER PLEA:  (G, NG, NONE) |
FINDINGS:  (G, NG, DS) |
REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY: (INITIAL
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER,
EXPLAIN IN DETAIL:

### PUNISHMENT

LOSS OF PRIV(DAYS)___  REPRIMAND___          SOLITARY(DAYS)___
*RECREATION(DAYS)___   EXTRA DUTY(HOURS)___   REMAIN LINE 3___
*COMMISSARY(DAYS)___   CONT. VISIT SUSP. THRU___  REDUC.CLASS FROM ___ TO ___
*PROPERTY(DAYS)___     CELL RESTR(DAYS)___    GOOD TIME LOST(DAYS)___
* ___(DAYS)___    SPECIAL CELL RESTR(DAYS)___   DAMAGES/FORFEIT.$ ___
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)___ NO / NA
DATE PLACED IN PRE-HEARING DETENTION:___  HEARING LENGTH ___ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:

HEARING OFFICER (PRINT)  WARDEN            REVIEWER SIGNATURE

ATTORNEY AND CLIENT

DISBARMENT IS MANDATORY IF ATTORNEY'S

CONVICTION IS FOR FELONY INVOLVING MORAL

TURPITUDE. STATE BAR RULES, V.T.C.A.

GOVERNMENT CODE TITLE 2, SUBTITLE G APP.,

ART. 10, SEC 26 (B,F).


CRIME INVOLVING MORAL TURPITUDE FOR PURPOSE OF RULE THAT DISBAR

MENT OF ATTORNEY IS MANDATORY IF CONVICTION IS FOR FELONY INVOLVING

MORAL TURPITUDE, ARE THOSE THAT INVOLVE DISHONESTY, FRAUD,

DECEIT, MISREPRESENTATION THAT WOULD REFLECT ADVERSELY ON

ATT. HONESTY, TRUST WORTHINESS.

DUNCAN V. BOARD OF DISCIPLINARY APPEAL, 898 S.W.2d 759

[TEX 1995]   HUMPHREY, 880 S.W.2d 408.

---

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

ADMINISTRATIVE DIRECTIVE 03.70 (REV.L)

AUTHORITY TEXAS GOVERNMENT CODE SEC 494.002

TEX. DEPT. CRIM. JUST. SHALL ESTABLISH PROCEDURES FOR THE OFFENDER

WHO RECEIVE CELL RESTRICTION AS A DISCIPLINARY PUNISHMENT

PAGE V.   DISCIPLINARY CODE 24.2 REFUSAL TO ACCEPT A HOUSING ASSIGNMEN

DEFINITION: CHRONIC PURPOSE OF THIS DIRECTIVE, IS DEFINED AS
THREE (3) OR MORE CONVICTION CODE 24.2 RESULTING
IN MAJOR PENALTIES FOR ANY OF THE SPECIFIED OFFENSE
~~ENTI~~ WITH IN THE PAST THREE MONTHS.

PAGE VI   REPEAT TERM: PROCEDURAL REQUIREMENT REGARDING OFFENDERS
WHO REFUSE TO WORK OR ACCEPT A HOUSING

1. OFFENDER CHARGED SOLELY WITH ANY OF THE SPECIFIED
OFFENSES LISTED IN ~~DO~~ SECTION III OF DIRECTIVE
SHALL NOT ORDINARILY BE PLACED IN ADMINISTRATIVE
SEGREGATION PRIOR TO THE DISCIPLINARY HEARING.

AN OFFENDER CHARGED WITH REFUSAL TO ACCEPT A
HOUSING MAY NOT BE PLACE INTO PRE HEARING DETENTIO

IF THE ONLY JUSTIFICATION IS TO MAINTAIN THE INTEGRI

PRE HEARING DETENTION  JUL 20, 2012    3

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20120319884  TDCJNO: 01774868  NAME: BOYKIN, CURLEY JAMES          EA:   5.7
UNIT: JD   HSNG: 4S      04        JOB: TRANSIENT CUSTODY OVERFLOW         IQ: 060
CLSS: L1  CUST: G2  PRIMARY LANGUAGE: ENGLISH    MHMR RESTRICTIONS:   NONE
ORDE: MA / CCC  OFF. DATE: 07/20/12   11:30 AM  LOCATION: JD ADMIN SEG
TYPE: TF

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT LEVEL 4 SEG, OFFENDER:  BOYKIN, CURLEY
JAMES, TDCJ-ID NO. 01774868, WAS ORDERED BY C/O CARSON, D TO ACCEPT AND MOVE
INTO 4A 17 DORM, AND SAID OFFENDER FAILED TO OBEY THE ORDER BECAUSE HE STATED
THAT HE WAS IN SEG FOR MEDICAL THROUGH DR. REED AND HE DON'T WANT TO MOVE.

CHARGING OFFICER: CARSON, D                          SHIFT/CARD: 1 B

OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER:
TIME/DATE NOTIFIED: 521pm  7-23-12  BY: (PRINT) JONES, T
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: Curly Boyk           DATE: 7-23-12
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: Curly Boyk                 DATE: 7-23-P

### HEARING INFORMATION

HEARING DATE: _____  TIME: _____  UNIT____ FOLDER_____ FILE____ DSFILE____
COUNSEL SUBSTITUTE AT HEARING: _____  FOLDER_____ FILE_____ DSFILE____
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING,(2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7)IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE)_____

OFFENDER STATEMENT: _____

OFFENSE CODES:              24.2
OFFENDER PLEA. (G, NG, NONE) |_____|_____|_____|_____|
FINDINGS. (G, NG, DS)        |_____|_____|_____|_____|
REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY: (INITIAL)____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: _____

### PUNISHMENT

LOSS OF PRIV(DAYS)_____   REPRIMAND............   SOLITARY(DAYS)........
*RECREATION(DAYS)_____   EXTRA DUTY(HOURS)......   REMAIN LINE 3.....
*COMMISSARY(DAYS)_____   CONT. VISIT SUSP. THRU__/__/__   REDUC. CLASS FROM __ TO __
*PROPERTY(DAYS).._____   CELL RESTR(DAYS).......   GOOD TIME LOST(DAYS)._____
_____(DAYS).._____   SPECIAL CELL RESTR(DAYS)._____   DAMAGES/FORFEIT. $_____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)_____  NO / NA
DATE PLACED IN PRE-HEARING DETENTION: _____  HEARING LENGTH _____ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: _____

HEARING OFFICER (PRINT)    WARDEN              REVIEWER SIGNATURE

C. RECREATION: OFFENDERS SERVING MORE THAN 30 DAYS OF SPECIAL
CELL RESTRICTION SHALL BE PROVIDED OUT-CELL RECREATION AT THE
RATE OF ONE HOUR ON WEEKENDS OR EVERY SEVEN DAYS.

STATE v. MANCUSO 919 S.W.2d 86 [TEX CR. APP 1996.

EX PARTE MILLER 921 S.W.2d 239 [TEX. APP. CR. APP 1996]

ARTICE 11.07 V.A.C.C.P APPLICANT WAS INDICTED
FOR POSSESSION OF COCAINE OF LESS THAN ONE GRAM,
A STATE JAIL FELONY OFFENSE PURSUANT TO V.T.C.A. HEALTH AND SAFETY Co
SEC. 481. 115(B)

ON JUNE 15, 1995, IN A NON JURY TRIAL PURSUANT TO A
NEGOTIATED PLEA BARGIN AGREEMENT, APPLICANT PLED
GUILTY TO THE CHARGED OFFENSE, AND TRUE TO THE
ENHANCEMENT PARAGRAPHS. PUNISHMENT WAS ASSESSED
TWENTY-FIVE YEARS IMPRISONMENT.
EX PARTE HODES 921 S.W. 2d 239 [TEX. CR. APP 1996].

CONSTITUTIONAL RIGHT TO SPEEDY TRIAL.
U.S.C.A. CONST. AMEND 6! TEXAS CONST. ART 1, SEC. 10
HARRIS V STATE 827 S.W. 2d at 956.
BARKER, 407 U.S. AT 530, 92 S. Ct. 2192.

PUNITIVE DAMAGES   TRANSPORTATION INS. Co. 879 S.W. 2d 28, 32

EXEMPLARY DAMAGES   ARTRIPE, 857 S.W. 2d 82, 87

CASE: 20120330008 TDCJNO: 01774868 NAME: BOYKIN, CURLEY JAMES          EA:    5.7
UNIT: JD   HSNG: 4S      04         JOB: PRE-HEARING DETENTION              IQ:  060
CLSS: L1   CUST: G2   PRIMARY LANGUAGE: ENGLISH    MHMR RESTRICTIONS: \ NONE
ORDER: MA / CCC  OFF. DATE: 07/30/12   10:42 AM  LOCATION: JD ADMIN SEG
TYPE: TF

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 4S-4, OFFENDER:  BOYKIN, CURLEY JAMES,
TDCJ-ID NO. 01774868, WAS ORDERED BY C/O PRESCHER TO ACCEPT AND MOVE INTO 3D-27
AND SAID OFFENDER FAILED TO OBEY THE ORDER BECAUSE: I'M SUPPOSE TO BE ON MEDICAL
ISOLATION BY DR. REED.

CHARGING OFFICER: PRESCHER, W                        SHIFT/CARD: 1 B
                       OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 33Pm 8-1-12  BY: (PRINT)  DAVIS, T
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES / NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: Curley Boykin            DATE: 8-1-12
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____        DATE: _____

## HEARING INFORMATION

HEARING DATE: _____  TIME: _____  UNIT____ FOLDER____ FILE____ DSFILE____
COUNSEL SUBSTITUTE AT HEARING: _____ FOLDER____ FILE____ DSFILE____
EXPLAIN BELOW BY NUMBER: (1) IF, COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES WAS EXCLUDED FROM, (5) DOCUMENTATION EXCLUDED FROM.
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) _____

_____

OFFENDER STATEMENT: _____

OFFENSE CODES:              24.2
OFFENDER PLEA: (G, NG, NONE) |_____|_____|_____|_____|
FINDINGS: (G, NG, DS)        |_____|_____|_____|_____|
REDUCED TO MINOR (PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY: (INITIAL)_____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT. A) ADMISSION OF GUILT, B) OFFICER'S REPORT, C) WITNESS TESTIMONY, D) OTHER.
EXPLAIN IN DETAIL: _____

_____

## PUNISHMENT

LOSS OF PRIV(DAYS)____  REPRIMAND._____       SOLITARY(DAYS)._____
*RECREATION(DAYS)____ EXTRA DUTY(HOURS).____     REMAIN LINE 3._____
*COMMISSARY(DAYS)____ CONT. VISIT SUSP. THRU__/__/__  REDUC. CLASS FROM __ TO __
*PROPERTY(DAYS)..____ CELL RESTR(DAYS)____       GOOD TIME LOST(DAYS)._____
*_____(DAYS)____ SPECIAL CELL RESTR(DAYS)____   DAMAGES/FORFEIT. $_____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____

_____

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)_____  NO / NA
DATE PLACED IN PRE-HEARING DETENTION: _____ HEARING LENGTH _____ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: _____

HEARING OFFICER (PRINT)   WARDEN              REVIEWER SIGNATURE
(FORM I-47MA) CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV  04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA.

BIRDD V. WILLIAMS 659 S.W.2d 571 [Tex. 1993]

CLAIM AGAINST THE TDCJ.

TEXAS TORT CLAIMS ACT 101.021(2) TEX. CIV. PRAC. AND REM. CODE ANN. SEC 101.021

CLAIMS    STATE. V. TERRELL 588 S.W.2d 784, 788 [TEX. 1979]

UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON V. YORK 808 S.W.2d 106, 108 [TEX. APP. HOU] 1991.

TEXAS SUPREME COURT HAS ELIMINATED EMOTIONAL DISTRESS AS A CAUSE OF ACTION
BOYLES V. ~~STATE~~ KERR 855 S.W.2d 593

THOMAS V COLLINS, 860 S.W.2d 500 [TEX. APP. HOU 1 DIST. 1993]
THOMS INMATE BROUGHT SUIT UNDER 1963 FOR PRISON OFFICIALS' ALLEGED VIOLATED OF HIS 8TH AMENDMENT RIGHT.    CIVIL RIGHTS

WASHINGTON, 902 S.W.2d 449

CASE: 20130034091 TDCJNO: 01774868 NAME: BOYKIN, CURLEY JAMES EA: 5.7
UNIT: JD HSNG: 4S 04 JOB: TRANS TRANSFER CUST DOWNGRADE IQ: 060
CLSS: L1 CUST: G2 PRIMARY LANGUAGE: ENGLISH MHMR RESTRICTIONS: NONE
GRDE: MA / CCC OFF. DATE: 10/02/12 04:00 PM LOCATION: JD ADMIN SEG
TYPE TT

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 4 SEG CELL 4, OFFENDER: BOYKIN, CURLEY
JAMES, TDCJ-ID NO 01774868, WAS ORDERED BY C/O DINGBA TO ACCEPT AND MOVE INTO
RO-BUNK 34 AND SAID OFFENDER FAILED TO OBEY THE ORDER BECAUSE: HE DOSE NOT LIKE
THE DORM AND THE OFFENDERS LIVE IN IT

CHARGING OFFICER: DINGBA, A                    SHIFT/CARD: 1 A

OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 1201pm 10-8-12 BY: (PRINT) JONES, J
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: Curly Boyle           DATE: 10-8-12
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING
OFFENDER WAIVER SIGNATURE: Curly B.lle                 DATE: 108-12

HEARING INFORMATION                              018
HEARING DATE: 10/9/12 TIME: 1250  UNIT JD FOLDER C-240 FILE 0189 DSFILE 710
COUNSEL SUBSTITUTE AT HEARING: JONES, J   FOLDER___ FILE___ DSFILE___
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES WERE (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK-ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) 2) Recd from C/s on 108

OFFENDER STATEMENT: Accrdly to the procedue I am suppos to be review 90 or tys in you custedy and they
did mine in 30 dug.
OFFENSE CODES: 24.2
OFFENDER PLEA: (G), (NG), NONE)  | NG |
FINDINGS: (G) NG, DS)  | G |
REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY: (INITIAL)___
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A) ADMISSION OF GUILT, B) OFFICER'S REPORT, C) WITNESS TESTIMONY, D) OTHER.
EXPLAIN IN DETAIL: B) Other Report D) Statement at hearing

## PUNISHMENT

LOSS OF PRIV(DAYS)___  REPRIMAND___       SOLITARY(DAYS)___
*RECREATION(DAYS) 45  EXTRA DUTY(HOURS)___  REMAIN LINE 3___
*COMMISSARY(DAYS) 45  CONT.VISIT SUSP. THRU 11/23/12  REDUC. CLASS FROM L1 TO L2
*PROPERTY(DAYS)___  CELL RESTR(DAYS)___     GOOD TIME LOST(DAYS)___
*___(DAYS)___  SPECIAL CELL RESTR(DAYS)___  DAMAGES/FORFEIT. $___
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
Senirty of case / past disciplinry

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)___ (NO) / NA
DATE PLACED IN PRE-HEARING DETENTION: 10/2/12  HEARING LENGTH  8  (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: x Offendr in hand restraints (9)
Graham
HEARING OFFICER (PRINT)  WARDEN                    REVIEWER SIGNATURE
(FORM I-47MA) CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV 04-07) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA.

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20130102412 TDCJNO: 01774868 NAME: BOYKIN, CURLEY JAMES          EA: 5.7
UNIT: JD    RSNG: 4S      O4        JOB: JC PRE-HEARING DETEN              IG: 060
CLSS: L1  CUST: G4  PRIMARY LANGUAGE: ENGLISH    MHMR RESTRICTIONS:   NONE
GRDE: MI / RW  OFF. DATE: 12/07/12  10:00 AM  LOCATION: JD ADMIN SEG
TYPE: TF

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 4 SEG, OFFENDER:  BOYKIN, CURLEY JAMES,
TDCJ-ID NO. 01774868, WAS ORDERED BY SGT. RUSSELL TO MOVE TO 5S-1 AND SAID
OFFENDER FAILED TO OBEY THE ORDER.

CHARGING OFFICER: RUSSELL, E                          SHIFT/CARD: 1 H

## OFFENDER NOTIFICATION

TIME/DATE NOTIFIED: 8.50 | 12-12-12   BY: (PRINT) C.H. Jones   IF APPLICABLE INTERPRETER:
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE.  YOU HAVE THE RIGHT TO SUBMIT A WRITTEN STATEMENT AND MAKE A VERBAL
STATEMENT.  DO YOU WANT TO ATTEND THE HEARING? (YES) NO     IF NO, HOW DO YOU
PLEAD?  GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: _____  DATE: 12/12/12
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____       DATE: _____

## HEARING INFORMATION

HEARING DATE: 12-14-12 TIME: 0350  INTERPRETER SIGNATURE: _____
EXPLAIN BELOW IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING WEEKENDS
AND HOLIDAYS, FROM THE OFFENSE DATE: _____

OFFENDER STATEMENT: Offender stated that he had enemies in 5-seg

OFFENSE CODES:              24.0
OFFENDER PLEA: (G, NG, NONE)    NG
FINDINGS: (G, NG, DS)

## PUNISHMENT

LOSS OF PRIV(DAYS) _____    REPRIMAND _____
*RECREATION(DAYS) 10         EXTRA DUTY(HOURS) _____
*COMMISSARY(DAYS) _____     CONT. VISIT SUSP THRU __/__/__
*PROPERTY(DAYS) _____       CELL RESTR(DAYS) _____
_____ (DAYS) _____
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: _____
BRADSHAW
HEARING OFFICER (PRINT)                              WARDEN

(FORM I-47MI) CONTACT A STAFF MEMBER IF YOU DO NOT UNDERSTAND THIS FORM

CASE: 2013816... 
UNIT: JD     HSNG: 5S     07       JOB: PRE-HEARING DETENTION        IQ: 060
CLSS: L2   CUST: G4   PRIMARY LANGUAGE: ENGLISH    MHMR RESTRICTIONS:   NONE
ORDE: MA / CCC   OFF. DATE: 02/20/13 ~11:30 AM   LOCATION: JD ADMIN SEG
TYPE: TF

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 5 SEG, OFFENDER:  BOYKIN, CURLEY JAMES,
TDCJ-ID NO. 01774868, WAS ORDERED BY C/O CARSON TO ACCEPT AND MOVE INTO 4 FOX
44, AND SAID OFFENDER FAILED TO OBEY THE ORDER BECAUSE:  IT WAS AN INTERGRATED
CELL ASSIGNMENT, AND STATED: THAT IT IS RETALIATION.

CHARGING OFFICER: CARSON, D                    SHIFT/CARD: 1 B

OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 10:40a      02/25/13  BY: (PRINT) Garnett
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE  DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X Curley Boyk 02/8/5S5   DATE: X FEB 25, 2013
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE X                          DATE: X

### HEARING INFORMATION
HEARING DATE 2/27/13  TIME 4:36 pm  UNIT 9CO  OFFENDER C-240  FILE 104  DSFILE 797
COUNSEL SUBSTITUTE AT HEARING (SG)    FINDER    FILE    DSFILE
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS FROM THE OFFENSE DATE AND (8) IF INTERPRETER USED
(SIGNATURE) 2) DHD Unavail

OFFENDER STATEMENT: Object to charge due to them saying that they said that I want move here to it
is an intergrate cell. Mr Carson didnt want to house Boyt himself put...
OFFENDER PLEA: (G)  (NG)  NONE:
FINDINGS:  (G)  NG    RSM
REDUCED TO MINOR (PRIOR TO DOCKET) __ (DOCKET) __ (HEARING) __ BY: (INITIAL) __
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A) ADMISSION OF GUILT B) OFFICER'S REPORT C) WITNESS TESTIMONY, D) OTHER,
EXPLAIN IN DETAIL: B) Officer Report  D) Statement at hearing

## PUNISHMENT
LOSS OF PRIV(DAYS)        REPRIMAND............        SOLITARY(DAYS)........
*RECREATION(DAYS) 45    EXTRA DUTY(HOURS)....        REMAIN LINE 3........
*COMMISSARY(DAYS) 45    CONT. VISIT SUSP. THRU  /  /  REDUC. CLASS FROM L2 TO L3
*PROPERTY(DAYS).. 45    CELL RESTR(DAYS)......       GOOD TIME LOST(DAYS). 50
* (DAYS)..         SPECIAL CELL RESTR(DAYS)..    DAMAGES/FORFEIT. $
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
Seveiry of case / past disciplary

CREDIT FOR PRE-HEARING DETENTION TIME? YES (DAYS) __  NO / NA  17
DATE PLACED IN PRE-HEARING DETENTION: 2/20/13  HEARING LENGTH  17  (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT X
Graham
HEARING OFFICER (PRINT)   WARDEN                REVIEWER SIGNATURE
(FORM I-47MA) CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV  04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

## OFFENSE DESCRIPTION

THE DATE AND TIME LISTED ABOVE, AND AT LEVEL 2 UNT ___ OFFENDER: BOYKIN
RLEY JAMES, TDCJ-ID NO. 01774868. AS ORDERED BY SG ___ ISSELL TO ACCEPT AND
VE INTO 4C 4C-1B, AND SAID OFFENDER FAILED TO ___ THE ORDER BECAUSE:
WAS AN INTERGRATED CELL ASSIGNMENT, AND STATED: ___ THAT HE WAS NOT
ING.

CHARGING OFFICER: RUSSELL, E ___ CARD: 1 B

## OFFENDER NOTIFICATION

___ PLICABLE INTERPRETER.

TIME/DATE NOTIFIED: 0901a 02/15/13 BY: (PRINT) ___
YOU WILL APPEAR BEFORE ___ HEARING OFFICER 24 HOURS OR ___ AFTER RECEIPT OF THIS
OTICE. DO YOU WANT TO ATTEND THE HEARING? YES NO ___ DO YOU
LEAD? GUILTY NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: ___ DATE: FEB 15 2013
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR ___ E AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: ___ DATE: FEB 15, 203

## HEARING INFORMATION

EARING DATE: 2/19/13 TIME: 3:55 pm UNIT JD FOLDER C-240 FILE 097 DSFILE 7904
OUNSEL SUBSTITUTE AT HEARING: ___ SG FOLDER ___ FILE ___ DSFILE
PLAIN DELAY (A NUMBER) (1) IF COUNSEL SUBSTITUTE WA ___ PRESENT DURING PART
EARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-H ___ DETENTION MORE THAN
HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUD ___ ON ANY PART OF THE
VIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENT ___ WAS EXCLUDED FROM
EARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND ___ ROSS-EXAMINATION OF A
TNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WI ___ SEVEN DAYS, EXCLUDING
EEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, ___ INTERPRETER USED:
SIGNATURE) ___

OFFENDER STATEMENT: No Statement made at hearing

OFFENSE CODES ___
OFFENDER PLEA ___
FINDINGS: (G) NG ___
EDUCED TO ___ PRIOR TO DOCKET) (DOCKET) (HEART ___ BY: (INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASO ___ FOR DETERMINATION OF
GUILT: A) ADMISSION OF GUILT, B) OFFICER'S REPORT, C) ___ S TESTIMONY, D) OTHER
EXPLAIN IN DETAIL: B) Off's Report C) Verbal Statement at hearing

## PUNISHMENT

LOSS OF PRIV(DAYS) ___ REPRIMAND ___
(RECREATION)(DAYS) ___ EXTRA DUTY(HOURS) ___ ___ IN LINE 3.
COMMISSARY(DAYS) ___ CONT. VISIT SUSP. THRU ___ IC. CLASS FROM L2 TO L3
ROPERTY(DAYS) ___ CELL RESTR(DAYS) ___ TIME LOST(DAYS) 30
(DAYS) ___ SPECIAL CELL RESTR(DAYS) ___ ___

SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT
Seurty of care / past discipline

REDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) ___ / NA
DATE PLACED IN HEARING DETENTION: 2/14/13 HEARIN ___ 6 (MINUTES)
OFFENDER SIGNATURE: Graham ___ & RECEIPT OF FINAL REPORT: Offender in restraints (S) SG

HEARING OFFICER (PRINT ___ WARDEN ___ ___ ER SIGNATURE
(FORM I-47MA) CONTACT ( ___ EL SUBSTITUTE IF YOU DO NO ___ ERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE ___ ON SU CONSEJERO SUSTITUTO ___ ENTIENDE ESTA FORMA

... CARSON WHO TOLD HIM MR. BOYKIN REFUSE TO ... BECAUSE IT WAS INTERGATED CELL.

2. ASK C/o CARSON WHAT REASON DID SERGEANT RUSSELL GIVE FOR REWRITING THE I-47 FORM HE INITIALLY WROTE FEBRUARY 20, 2013.

3. ASK C/o CARSON WAS IT THE SAME DATE AND TIME SERGEANT RUSSELL REWROTE THE I-47 FORM.

4. ASK C/o CARSON SINCE HE DIDN'T WRITE THE I-47 FORM HOW DOES THAT MAKE HIM THE CHARGING OFFICER.

5. ASK SERGEANT RUSSELL WHAT DATE WAS IT WHEN THE CASE WAS INVESTIGATED.

6. ASK SERGEANT RUSSELL ON FEBRUARY 21, WHY DID SHE REWRITE THE I-47 FORM.

7. ASK SERGEANT RUSSELL WHO TOLD HE MR. BOYKIN REFUSE TO MOVE INTO 4 FOX 44, BECAUSE IT WAS INTERGATED CELL DORM

APPENDIX

c:\documents and settings\kpage\local settings\temp\194687992.tif printed by mivap. (Page 1 of 2)

Case 3:13-cv-04643-D   Document 3   Filed 11/21/13   Page 71 of 75   PageID 74

## The University of Texas Medical Branch at Galveston
## Sleep Laboratory Report

### Combined Diagnostic and Therapeutic Sleep Study

**Patient name:** Boykin,Curley
**UH#** 400369N
**Date of birth:** 9/1/1964
**Test #:** 13613
**Date of study:** 3/14/2013 21:42
**Referring Physician:** Valle,Jose

**Test type:** Split-night Polysomnography

**Montage:** This is a conventional polysomnographic study performed during the patient's habitual sleep period in accordance with standards established by the American Academy of Sleep Medicine. Parameters include bilateral electrooculographic tracings; electroencephalographic tracings (modified 10:20 electrode configuration, featuring bilateral frontal, central and occipital leads); surface electromyography of submental musculature and bilateral anterior tibialis muscles; thoracic and abdominal piezo-crystal respiratory belt recordings; electrocardiography; arterial oxygen hemoglobin saturation via finger pulse oximetry; and snoring intensity via decibel meter recording.

**Patient identification and indications:**
This is a patient with a history of excessive daytime sleepiness and snoring. The Epworth Sleepiness score is 16[out of a possible 24 (most sleepy)]. The diagnostic portion of the polysomnogram reveals evidence of obstructive sleep apnea, with a respiratory disturbance index of 23.9 per hour and maximum oxygen desaturations down to 79.0%.

**Sleep architecture and EEG:**
The **total sleep time** was 379.0 minutes. The **sleep efficiency** was 77.7%. The sleep latency was 12.5 minutes. The **REM latency** was 78.5 minutes. Regarding **sleep stage percentages**, the stage 1 sleep was 11.9%; stage 2 sleep was 71.4%; slow wave (delta) sleep was 0.0%; and REM sleep was 16.8%.

**Cortical arousals:**
The **total arousal** index was 22.0 per hour.
The **apnea hypopnea** arousal index was 21.1 per hour.
The **snore** arousal index was 0.0 per hour.
The **limb movement** arousal index was 0.0 per hour.
The **spontaneous** arousal index was 0.9 per hour.

c:\documents and settings\kpage\local settings\temp\194687992.tif printed by mivap. (Page 2 of 2)

Case 3:13-cv-04643-D   Document 3   Filed 11/21/13   Page 72 of 75   PageID 75

**Patient name:** Boykin,Curley
**UH#** 400369N
**Test #:** 13613

**Respiratory:**
- **Snoring** was observed during the diagnostic portion of the study.
- The **mean oxygen saturation** throughout the study was 96%.
- The **lowest oxygen saturation** throughout the study was 79%.
- A total of 1.2% of the total sleep time was spent with an **oxygen** saturation of **less than 90%.**
- During the diagnostic portion of the study, the **respiratory disturbance index (RDI)** was 23.9 per hour, consisting of apneas (13), hypopneas(53) and RERA's (0).Central apnea index was 0.7/hr during diagnostic phase of testing and 25 events/hr during titration.

**CPAP titration:**
CPAP was started after 213.1 minutes polysomnographic study, and was carried through a pressure range of 4-8cm H2O. BPAP was then initiated on account of continued central and obstructive events. Pressure was titrated upto 19/15cmh20. Titration grade was unacceptable.

**Limb movements:**
The **periodic limb movement index** was 0.0 per hour.

**EKG:**
There was sinus bradycardia observed during the recording.
The **average heart rate** was 58 beats per minute.

**Impressions:**
Moderate Obstructive Sleep Apnea
Possible treatment emergent central sleep apnea
Unacceptable grade titration study

**Recommendations:**
Recommend repeat titration study on account of continued events at final pressure settings and possible treatment emergent central apneas.
The patient should be cautioned about the factors that may potentially exacerbate snoring and sleep related breathing problems, such as ETOH and sedative-hypnotics.
The patient should also be advised against driving and operating dangerous equipment until the daytime sleepiness is eliminated by appropriate treatment.
Follow up with Dr. Valle to discuss results of testing outlined above.

Reviewed and interpreted by Dr. Shahzad Jokhio, MD - UTMB Sleep Disorder Center

c:\documents and settings\kpage\local settings\temp\207502867.tif printed by mivap. (Page 1 of 2)

Case 3:13-cv-04643-D   Document 3   Filed 11/21/13   Page 73 of 75   PageID 76

Scanned by VARGAS, ROSA in facility MONTFORD (JM) on 08/29/2013 10:49



**TEXAS TECH UNIVERSITY**
**HEALTH SCIENCES CENTER.**
School of Medicine

Department of Internal Medicine
*Our Passion is to Inspire Transformation of Lives*

### DIAGNOSTIC POLYSOMNOGRAPHY

**NAME:** Curley Boykin(TDCJ#1774868)

**DATE OF BIRTH:** 09/01/1964

**DATE OF STUDY:** 7/18/2013

**LOCATION:** Alpha Sleep Labs

**REFERRING PHYSICIAN:** Montford Unit

**PURPOSE OF STUDY:** To evaluate the patient for suspected sleep disordered breathing. The patient complains of nocturnal snoring, excessive daytime sleepiness and poor sleep quality. Comorbid medical conditions were not reported. The Epworth Sleepiness Scale score was not reported.

**DETAILS OF STUDY:** This was polysomnogram with 15-channel montage, including full EEG: C3/A2, C4/A1, O1/A2, O2/A1: 2EOG: LOC/A2, ROC/A1, one submental EMG, one anterior tibialis EMG (which includes both legs) and one ECG. Respiratory inductive plethysmography with quantitative sum signal (RIP belts) were used for abdominal and thoracic breathing effort, and the air flow was recorded via oronasal thermo-couple system. Snoring vibrations were recorded with the vibration sensor positioned in the neck area. SPO2 and pulse were recorded with digital pulse oximeter. The patient was also monitored with a video and audio monitor with an infrared camera system, and the position was documented by attending technologist.

The study was scored using Rechtschaffen and Kales Standard Scoring System for Sleep Stage Scoring. Respiratory Events, Arousals and PLMs were scored according to the Standards and Practices of Sleep Medicine Guidelines set forth by the American Academy of Sleep Medicine.

**PROMINENT FINDINGS:**

1.  **SLEEP ARCHITECTURE** – The Total Recording Time was 358.5 minutes. The Sleep Period Time was 353.0. The Total Sleep Time was 209.0 minutes. Patient's overall sleep efficiency was 58.3 percent. Sleep onset was early at 5.5 minutes consistent with sleep deprivation. The patient spent 23.9 percent of the total sleep time in Stage I sleep, 49.8 percent in Stage II sleep, 0 percent in slow wave sleep and 26.3 percent in REM sleep. REM onset was early at 11.5 minutes. REM distribution was uneven.

3601 4th Street STOP 9410 | Lubbock, Texas 79430-9410 | T 806.743.3155 | F 806.743.3148

An EEO/Affirmative Action Institution



c:\documents and settings\kpage\local settings\temp\207502867.tif printed by mivap. (Page 2 of 2)

Case 3:13-cv-04643-D   Document 3   Filed 11/21/13   Page 74 of 75   PageID 77
Scanned by VARGAS, ROSA in facility MONTFORD (JM) on 08/29/2013 10:49

2. **RESPIRATORY PROFILE** -- A total of 27 apnea/hypopnea events (27 obstructive apnea events and 0 hypopnea events) were noted. The overall index (AHI) was normal at 7.8 for the entire night.

3. **LIMB MOVEMENTS:** No periodic limb movements were noted.

4. **OXYGEN SATURATION PROFILE:** Mean SaO2 was 96.9 percent. Minimum SaO2 was 87.0 percent. O2 saturation was less than 89% for 1.0 minutes.

5. **EKG:** No significant arrhythmias were noted during the polysomnography.

**IMPRESSION:**

1. Obstructive Sleep Apnea (327.23)

**RECOMMENDATIONS:**

1. Consider repeat polysomnography for CPAP titration. The patient does not meet the usual AHI criterion for CPAP. Sleep quality may improve with CPAP.

2. Consider ENT evaluation for potentially reversible nasal/pharyngeal causes contributing to/worsening the sleep disordered breathing.

3. Oral appliances and surgical options can be considered to treat socially objectionable snoring.

4. Recommend counseling with regards to good sleep hygiene, avoidance of sedatives, and instructions not to drive or indulging in other dangerous activities until excessive daytime sleepiness and sleep disordered breathing is treated.

Gilbert G. Berdine, M.D.
Pulmonary, Critical Care and Sleep Medicine

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE St., RM. 1452
DALLAS, TEXAS 75242

RECEIVED 2
NOV 21 2013
MAILROOM

CURLEY BOYKIN
#01774868
DALHART UNIT
11950 FM 998
DALHART, TEXAS 79022

NC