IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURLEY JAMES BOYKIN, ID # 1774868, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-4643-D |
| VS. | § | |
| | § | |
| CARRIE HUCKLE BRIDGE, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Curley James Boykin ("Boykin") has filed a *pro se* motion for leave to amend pleadings, in which he seeks leave to file a second amended complaint.  The court denies the motion without prejudice to Boykin's moving for leave to file an amended complaint that does not include claims that the court has already dismissed.

I

Boykin brought this action under 42 U.S.C. § 1983 against defendants Carrie Huckle Bridge ("Bridge") and Lannette Linithicum ("Linithicum"), a Manager and Director, respectively, with the Health Care Division of the Texas Department of Criminal Justice ("TDCJ"); Michael Phillip ("Phillip")[1] and Rolanda Winfield ("Winfield"), the Senior Warden and an Assistant Warden, respectively, at the Dawson State Jail; and Grady Wallace ("Wallace"), Deputy Director of Private Facility Contract Monitoring with the TDCJ.  Boykin sued these defendants in their official and individual capacities.  In addition to his complaint, Boykin provided answers to a questionnaire from the magistrate judge.  After the magistrate judge issued findings, conclusions, and a recommendation

---

[1]Although previously identified as "Michell" Phillip, this defendant has now appeared and answered in this case as "Michael" Phillip.

addressing all claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), Boykin filed a motion for

leave to file an amended complaint.  The court granted the motion and re-referred the case to the

magistrate judge.

Thereafter, the magistrate judge issued supplemental findings, conclusions, and a

recommendation as to all claims asserted by Boykin, considering all of his three pleadings: (1) his

complaint, (2) his answers to the magistrate judge's questionnaire, and (3) his amended complaint.

The magistrate judge identified the following claims:

> (1) his due process rights were violated when he was charged for a
> medical care visit and Bridge declined to refund this money to him
> after he filed a grievance (Compl. at 6, MJQ Ans. 1); (2) Linithicum
> denied him necessary medical care for sleep apnea (doc. 3 at 6, MJQ
> Ans. 2); (3) Phillip, Winfield, and Wallace violated his Eighth
> Amendment rights because he was denied recreation time for 310
> days while housed in segregation (Compl. at 6); and (4) Phillip and
> Winfield retaliated against him for filing grievances over the denial
> of recreation time by reassigning him to general population and then
> disciplining him for refusing to move there.  (Compl. at 3-4; MJQ
> Ans 3, 4).  The plaintiff sought monetary damages as well as an order
> that he be housed in a particular prison unit in single cell housing
> status, with continued medical therapeutic study of his respiratory
> problems.  (MJQ Ans. 9) . . . In his amended complaint, the plaintiff
> adds one new claim that his due process rights were violated because
> he received inadequate notice before $100 was removed from his
> prison inmate account to pay for medical services. (Amend. Compl.
> at 4).  Otherwise, he expands on his claims of inadequate medical
> care and loss of recreation, asserting that the medical care he has
> received for sleep apnea has been inadequate, and that the loss of
> outside recreation for 310 days constituted deliberate indifference to
> his health because the lack of sunlight made him sick and miserable.
> *Id*. at 5-6.

Except with respect to Boykin's retaliation claim against Phillip and Winfield, the court adopted the

magistrate judge's recommendation to dismiss all claims with prejudice under 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b).  The retaliation based claims—that Phillip and Winfield retaliated

against Boykin for filing grievances regarding lack of recreation by moving him to the general population and then disciplining him when he refused to return to general population—are the only claims that remain pending.

## II

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).  "Granting leave to amend . . . 'is by no means automatic.'"  *Hoffman v. L & M Arts*, 2012 WL 4321739, at *4 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (internal quotation marks omitted) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  In deciding whether to grant leave to amend, "[t]he court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *Id.*

There are substantial reasons to deny Boykin's motion for leave to amend.  Boykin's motion lists virtually the same grounds for amending the complaint as he set out in his prior motion for leave to amend and that the court has already granted.  Moreover, Boykin's proposed second amended complaint includes all of the claims and factual allegations the court has already reviewed and dismissed, the retaliation claims against Phillip and Winfield that remain, and a new allegation of a conspiracy to retaliate.  Boykin already alleged claims in a complaint, and was then was given two additional opportunities to amend, before the court reviewed them under §§ 1915(e)(2)(B) and

1915A.[2]  Accordingly, unlike cases in which a court has abused its discretion by failing to allow amendment of a *pro se* plaintiff to amend before dismissing his lawsuit, the court has effectively given Boykin two opportunities to amend already.  *Cf. Bruce v. Little*, 568 Fed. Appx. 283, 285 (5th Cir. 2014) (per curiam) (holding that district court abused its discretion by overruling objections and adopting magistrate judge's report because objections could be construed as request for leave to amend).  And because the court already addressed and dismissed most of the claims that Boykin seeks to allege yet again in his proposed second amended complaint, allowing him to include them would be futile.

As to Boykin's pending retaliation claims against Phillip and Winfield, the court in its January 14, 2015 scheduling order authorized Boykin to file a motion for leave to amend pleadings by April 20, 2015.  This denial of his motion for leave to amend is therefore without prejudice to his timely moving for leave to amend pleadings, provided he does not seek to include claims that the court has already determined cannot be pursued.

Boykin's motion for leave to amend pleadings is denied without prejudice.

**SO ORDERED**.

February 24, 2015.

Sidney A. Fitzwater
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2]Boykin's answers to the questions posed by the court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).